No. 22488.

RUDOLPH JACOBSON *v.* RONALD A. DAHLBERG AND DAVE COOK SPORTING GOODS COMPANY.
(464 P.2d 298)

Decided January 26, 1970.

YEGGE, HALL, TREECE and EVANS, WESLEY H. DOAN, WILLIAM F. DRESSEL, for plaintiff in error.

JAMES H. HOWARD, for defendant in error Ronald A. Dahlberg.

SHELDON and NORDMARK, GEORGE M. ALLEN, RICHARD C. McLEAN, for defendant in error Dave Cook Sporting Goods Co.

*In Department.*

Opinion by MR. JUSTICE GROVES.

THE defendant in error, Dahlberg, brought action against the plaintiff in error, Jacobson, for damages resulting from Jacobson's alleged negligent firing of a shotgun which resulted in the death of Dahlberg's black Labrador retriever. Jacobson had purchased the shotgun from the defendant in error Dave Cook Sporting Goods Company (referred to as the company). Jacobson obtained permission to bring in the company as third party defendant and he alleged in the third party complaint that the company was liable to him for breach of warranty and for negligence. At the conclusion of the testimony the trial court granted a motion to dismiss as to the company. The jury returned a verdict in favor of Dahlberg against Jacobson for $4500 plus interest and costs. It is not contended that the verdict was excessive. We affirm the judgment against Jacobson in favor of Dahlberg and reverse the order dismissing the company.

Jacobson desired a more powerful shotgun to be used in hunting geese. He had seen an advertisement of the company of a Belgian double barrelled 10-gauge shotgun for a price less than $200, and went to the company's place of business to examine it. He was advised that this gun was no longer in stock but that the company could sell him at a comparable price an Astra Imperial double barrelled 10-gauge shotgun of Spanish make. He then made inquiry at another establishment, but found that its 10-gauge shotguns were much more expensive. He returned to the company and again examined the Astra shotgun by looking in the barrels, by checking to see that both triggers fired and by looking for cracks and scratches in the stock. He purchased it and, prior to the date of the accident, had fired it approximately 20 times.

On the day of the accident Dahlberg, Jacobson and one Van Meter were going hunting. Van Meter was driving his station wagon, and the other two were in the front seat with Jacobson sitting in the center. Their guns were

immediately behind the front seat. Dahlberg's dog and a dog of Van Meter were in kennels at the rear of the vehicle. While in the vicinity of Sterling, Colorado they saw some pheasants and Van Meter stopped the vehicle. Jacobson turned around and picked up his 10-gauge shotgun and loaded it. As he closed the breech, the gun fired and the pellets struck the Dahlberg retriever. Jacobson testified that the closing of the breech caused the left barrel to fire without either of the triggers being pressed and without the safety being released.

## I.

■ Jacobson contends that the record discloses no negligence on his part. There is ample evidence in the record to the effect that the mere loading of a gun inside a car is negligence. Assuming *arguendo* that a defect in the gun, unknown to Jacobson, caused the gun to fire when the breech was closed, nevertheless Jacobson's act in loading the gun inside the station wagon was sufficient to constitute negligence as shown by the evidence in this record, and to support the jury's verdict against him.

## II.

■ The first reason given by the company in support of the correctness of the court's order of dismissal is that the jury's determination that Jacobson's negligence was the proximate cause of the injury bars any recovery against the company. *Schuster v. Steedley,* 406 S.W.2d 387 (Ky.) is cited as supporting this view. Jacobson submits that the case is distinguishable. We doubt that it is distinguishable but, in any event, we believe that a different rule should be followed. Such a rule is to be found in an earlier opinion of the same court that wrote *Schuster,* namely, *Brown Hotel Co. v. Pittsburgh Fuel Co.,* 311 Ky. 396, 224 S.W.2d 165. This is the proposition that where *A's* injuries result from the primary fault of *B,* but *A* has recovered against *C* for the injuries, *C* may hold *B* as an indemnitor. See *Brown v. Chapman,* 304 F.2d 149; *Hansen v. Firestone Tire & Rubber Co.,* 276 F.2d 254; *Rasmus v. A. O. Smith Corp.,* 158 F.Supp. 70.

The company also has cited *Dallison v. Sears Roebuck and Co.,* 313 F.2d 343, a case arising in Colorado. There plaintiff was seriously burned when a nightgown she was wearing ignited from contact with her cigarette and was rapidly consumed by flames. It was held that the plaintiff's negligence barred recovery by her against the seller of the nightgown under the Uniform Sales Act. We do not regard this case as being in point. It would be applicable if Jacobson had shot himself and brought action against the company.

█ It is urged upon us that *Parrish v. DeRemer,* 117 Colo. 256, 187 P.2d 597 is authority for the position we adopt. However, in *Parrish* it is stated in effect that *C* will be liable to *A* if *C's* negligence is the *sole* and proximate cause of the injuries. The rule we pronounce goes further than that in *Parrish.* There was evidence submitted at the trial that the gun had been negligently and defectively manufactured with the result that, while it operated properly for the first few firings, this defective condition thereafter caused it to fire when the gun was closed and without any depression of the triggers. We hold that the question of whether there was a defect in the gun and, if so, whether that defect was the *primary* cause of the injury are issues that should be submitted to the jury under the evidence in this record.

III.

█ The accident occurred on December 26, 1964, prior to the adoption in this state of the Uniform Commercial Code. Therefore, the Uniform Sales Act then in effect is applicable. The second argument of the company is that it is not liable by reason of the following provision in the Uniform Sales Act: "In the case of a contract to sell or a sale of a specified article under its patent or other trade name, there is no implied warranty as to its fitness for any particular purpose." C.R.S. 1963, 121-1-15(3). The company argues that, since it did not know of the defect and made no express warranty, any liability would have to be predicated upon an implied

warranty; and that the quoted portion of the statute removes this basis here. On the contrary, while the gun bore a trade-name, we regard this as a matter of sale by description rather than sale by patent or other trade name. Moreover, we believe the following provision of the Uniform Sales Act is the one applicable:

"Where the goods are bought by description from a seller who deals in goods of that description, whether he be the grower or manufacturer or not, there is an implied warranty that the goods shall be of merchantable quality." C.R.S. 1963, 121-1-15(1)(c).

The testimony is undisputed that Jacobson was fulfilling a desire to purchase an inexpensive 10-gauge shotgun and that he did not make the purchase in reliance on any patent or trade name. Jacobson purchased a shotgun other than the one about which he originally made inquiry. We feel that this is a clear example of a customer requesting a product by description and purchasing a product which only incidentally bears a trade name. This was a sale by description and was accompanied by an implied warranty of *merchantability*. In other words, the product was warranted to be above a minimum level of acceptable quality. *George v. Willman,* 379 P.2d 103 (Alaska); *Davidson v. Wee,* 93 Ariz. 191, 379 P.2d 744; Annot., 135 A.L.R. 1393.

We also feel that an implied warranty of *fitness* might be applied to this sale. Many opinions under the Uniform Sales Act held that, where a product is intended for one particular purpose, it is impliedly warranted to be fit for that purpose. *Nalbandian v. Byron Jackson Pumps, Inc.,* 97 Ariz. 280, 399 P.2d 681; *McCabe v. L. K. Liggett Drug Co.,* 330 Mass. 177, 112 N.E.2d 254; *Stonebrink v. Highland Motors,* 171 Or. 415, 137 P.2d 986; 46 Am. Jur. *Sales* §380. If a jury accepts the testimony of the experts introduced by Jacobson to the effect that the gun was defectively manufactured and further finds the defect to be the primary cause of the injury, a verdict against the company will be proper.

### IV.

█ In ruling in favor of the company the trial court made the following statement:

"I am just saying I don't think there is enough evidence to take it to the jury. That would be the basic thing. As I see it, he came in and asked for a cheap shotgun, and he got a cheap shotgun, and it fired twenty times or so by his own testimony. There were no reliances of any sort made by Dave Cook; there were no warranties requested; all he wanted was a cheap shotgun, and he got a cheap shotgun. And I just don't think there is enough evidence to take it to the jury."

We regard the facts that Jacobson was looking for an inexpensive gun and that the gun was a "cheap" one as entirely immaterial. It makes no difference whether the price of the gun was $25 or $2500, it was worthless and dangerous if it would fire when the barrel was closed following loading. The warranties of fitness and merchantability were not affected by the value of the gun. See *Stonebrink v. Highland Motors, supra.*

### V.

The matter of any negligence on the part of the company has not been presented to us and is not considered. On retrial under the third party complaint the court may have the opportunity to pass upon the sufficiency of evidence to justify submission of the issue to the jury.

### VI.

█ We have given consideration to the question of whether on the retrial of the issues under the third party complaint, Jacobson is entitled to a contemporaneous retrial of the issues between him and Dahlberg under the original complaint. If this were a joint tort-feasor matter we would probably conclude that all issues in the case should be retried. The issue between Jacobson and the company is whether the company should be held liable as an indemnitor. Such liability can arise only after Jacobson's responsibility to Dahlberg has been determined, as it has been. Therefore, our conclusion is that

there is no need to retry the issues under the complaint and that the present judgment of Dahlberg against Jacobson should stand.

The judgment in favor of Dahlberg is affirmed. The cause is reversed with respect to the third party complaint and remanded for trial consonant with the views expressed herein.

MR. CHIEF JUSTICE MCWILLIAMS, MR. JUSTICE DAY, and MR. JUSTICE HODGES concur.