488 P.2d 208 (1971)
John Henry SIMPSON d/b/a Acme Linoleum and Tile Company et al., Plaintiffs in Error,
v.
Anthony DIGIALLONARDO and Angela Digiallonardo, Defendants in Error.
No. 71-151, (Supreme Court No. 24339.)
Colorado Court of Appeals, Division I.
July 7, 1971.
Rehearing Denied August 17, 1971.
*209 Wormwood, Wolvington, Renner and Dosh, Richard W. Laugesen, Denver, for plaintiff in error, John Henry Simpson.
Zarlengo, Mott & Carlin, Albert E. Zarlengo, Jr., Denver, for plaintiff in error, Leonard Vik dba Mac-Vik Plumbing & Heating Co.
George J. Strate, George S. Carter, Denver, for plaintiff in error, Wayne Samuel Delano dba Del Mac Construction Co.
Gaspar F. Perricone, Denver, for defendants in error.
Selected for Official Publication.
COYTE, Judge.
This case was transferred from the Supreme Court pursuant to statute.
This is an action for damages sustained as result of a fire in a private dwelling owned by the plaintiffs, Anthony and Angela Digiallonardo. They had entered into an agreement with the defendant in this action, Del Mac Construction Co., to have part of their home remodeled.
Part of the remodeling required a gas water heater in the bathroom to be disconnected and relocated in the basement and linoleum to be laid on the bathroom floor. To accomplish these tasks, Del Mac subcontracted with the third-party defendants to this action, Acme Linoleum and Tile Company to lay the linoleum, and Mac-Vik Plumbing & Heating Company to move the water heater.
Both sub-contractors were to arrive the same day to perform these tasks. On that day however, the plumber from Mac-Vik did not appear. The employees of Acme proceeded to turn off the gas, disconnect the water heater, and move it to the basement. They then completed their task of laying the linoleum without capping the disconnected gas line. Two days later the Mac-Vik employee arrived and connected the water heater to the gas line in the new location. He then turned on the gas and commenced to solder the water line. An explosion occurred, causing minor damage to the house. The gas was turned off and an inspection made by Mac-Vik's employee, who discovered the open gas line upstairs and capped it. After determining that no fire was present, the plumber left. The next day a fire occurred causing substantial damage to the house.
The plaintiffs sued Del Mac for the damage caused by this fire. Del Mac denied liability and counterclaimed for the amount due by terms of the agreement. In turn, Del Mac brought in Acme and Mac-Vik under a third-party complaint alleging it was their negligence which was responsible for the damages.
Trial was to the court which found that the plaintiffs and Del Mac had entered into a contract for the remodeling of plaintiffs' home, and that the defendant Del Mac had substantially completed its work but had not received payment.
The trial court found that the proximate cause of the damage to the house was the negligent removal of the water heater by *210 the third-party defendant Acme and its failure to cap the gas line, and the negligence of the Mac-Vik plumber in failing to properly test the gas line. It also found that Del Mac was negligent, but that its negligence was one of omission in failing to inform Mac-Vik that a non-licensed plumber (Acme) had removed the water heater.
The trial court further found that gas had accumulated in the walls of the house, leading to the fire which caused the damage.
The trial court entered judgment in favor of the plaintiffs and against the defendant Del Mac for $10,996.56 for the damages caused to the house. Judgment was also entered in favor of the defendant on its counterclaim against the plaintiffs for $4,546.38. Finally, the trial court entered judgment over in favor of Del Mac and against the third-party defendants for $10,996.56.
The first issue raised on appeal concerns Del Mac's liability to the plaintiffs. Del Mac argues that even if it were negligent, this negligence was not a proximate cause of the fire, and therefore it should not be responsible to the plaintiffs for the negligence of Acme and Mac-Vik.
The findings of the trial court dispose of this issue. Although not specifically articulated as such, the essence of Del Mac's assertions are that Acme and Mac-Vik were independent contractors employed by Del Mac and that Del Mac is not liable for injuries to third parties caused by an independent contractor's negligence.
Normally this would be the rule. However, such rule is not absolute, but rather is subject to a number of exceptions, among which is the principle that where a general contractor agrees with the owner of property to perform a specific task, he may not, by hiring an independent contractor to perform that task, escape liability for breach of contract for damages sustained by the owner which result from the negligence of the independent contractor. South Carolina Natural Gas Co. v. Phillips, 4 Cir., 289 F.2d 143; Continental Insurance Co. v. I. Bahcall, Inc., D. C., 39 F.Supp. 315.
This rule is applicable here. The plaintiff sued Del Mac on the contract. Even if free of any negligence in the remodeling of this home, Del Mac is still liable under its contract to the plaintiffs for the negligent performance of those subcontractors it hired to carry out its specific agreement, even if the sub-contractors were independent contractors.
The next argument concerns both Mac-Vik and Acme. It involves the right of contribution among joint tort-feasors. The argument is that Del Mac as a contributing cause of the accident could not recover over against the third-party defendants.
In Colorado the cases of Parrish v. De Remer, 117 Colo. 256, 187 P.2d 597, and Jacobson v. Dahlberg, Colo., 464 P.2d 298, have laid down the rule to be followed. In Parrish, supra, the Supreme Court held that where A recovers from B, but C is the "* * * sole, primary and proximate cause of the injury * * *," B may then have an action against C. In Jacobson, supra, the Supreme Court took cognizance of the rule announced in Parrish, supra, and then proceeded to substitute "primary" cause for "sole" cause as the criterion for allowing indemnification under such circumstances.
The trial court found that the negligence of Del Mac was one of omission in failing to properly notify Mac-Vik. Further, the court found that the two sub-contractors had committed affirmative acts of negligence, i. e., removing the heater without capping the gas line and failing to test the gas adequately, which acts were a "proximate" cause of plaintiffs' damages. We consider these findings to be equivalent to a finding that these two sub-contractors were in fact the primary cause of the accident, thereby permitting an action over against them by Del Mac.
Third-party defendant Mac-Vik raises the issue that the evidence was insufficient to support the findings of negligence *211 on its part. There was evidence that Mac-Vik failed to perform any check on the gas line after connecting it, even though the plumbing regulations in effect at the time specified that an air pressure check of such line should be made to detect leaks. This failure, in itself, is an obvious deviation from normally accepted standards of practice. A permissible inference to be drawn is that if Mac-Vik had properly tested the line, any leaks contributing to accumulation of gas in the walls would have been detected and the resulting damage would have been avoided. There was sufficient evidence to support a finding that negligence on the part of Mac-Vik was a contributing cause to the damages sustained.
Argument is made that the recovery by plaintiffs exceeds the actual damages caused by the fire. There is no evidence to substantiate this allegation. The trier of fact was the one to assess the necessary cost of restoring plaintiffs to their original position before the fire. The evidence substantiates the award as made.
The next issue is raised by the third-party defendant Acme and concerns its demand for a jury trial. In Colorado, trial by jury in a civil action is not a matter of right but is governed by R.C.P. Colo. 38. Setchell v. Dellacroce, 169 Colo. 212, 454 P.2d 804. The argument of the defendant Del Mac is that the third-party action is merely ancillary to the main action between it and the plaintiffs. It is not ancillary but indeed is central to the trial. As Rule 38(a) states:
"Where Jury Right Exists. Upon demand, in actions for the recovery of specific real or personal property, with or without damages, or for money claimed as due on contract, or as damages for breach of contract, or for injuries to person or property, an issue of fact must be tried by a jury, unless a jury trial is thereafter waived." (Emphasis supplied.)
In the case of McAndrews v. U. S. Lines Co., D.C., 167 F.Supp. 41, relying upon Federal Rule 38, involving a third-party defendant who failed to make timely demand for a jury trial, the Federal Court noted that if such demand had been properly made, the third-party defendant would be entitled to a jury trial on the issues raised between it and the defendant, although not on those issues between the defendant and the plaintiff.
The important factor to be noted is the issues raised by the parties. Here the issue concerns damages to personal property, clearly within the scope of R.C.P. Colo. 38. The fact that the other parties do not desire a jury trial is of no moment. Acme properly demanded a jury trial. It was error not to have its liability under the third-party complaint determined by a jury.
Judgment affirmed as to all parties except the judgment against third-party defendant Acme in favor of Del Mac is reversed and the case is remanded for a jury trial on all issues between Del Mac Construction Co. and Acme Linoleum and Tile Company.
ENOCH and DUFFORD, JJ., concur.