511 P.2d 949 (1973)
Jerry L. SCHAFER and Jerome Schafer, Plaintiffs,
v.
The NATIONAL TEA CO., a foreign corporation d/b/a Millers Super Markets, Defendant and Third-Party Plaintiff-Appellee,
v.
Paul MARTINEZ, Third-Party Defendant-Appellant.
No. 71-463.
Colorado Court of Appeals, Div. II.
July 3, 1973.
*950 Wood, Ris & Hames, Thomas T. Crumpacker, Denver, for defendant and thirdparty plaintiff-appellee.
Yegge, Hall & Evans, Eugene O. Daniels, Denver, for third-party defendant-appellant.
Selected for Official Publication.
SILVERSTEIN, Chief Judge.
Plaintiffs, Jerome and Jerry Schafer, sued National Tea Co. to recover for injuries sustained by Jerry Schafer when her car was struck by a National Tea Co. truck driven by its employee, Hilmer Stuber. National Tea joined Paul Martinez as third-party defendant, alleging that its employee's negligence, if any, was passive or secondary while Martinez' negligence in the operation of his vehicle was the active, primary cause of the accident, and sought indemnification for any judgment entered against National Tea. Trial to a jury resulted in a verdict of $3000 for plaintiffs against National Tea and a verdict in like amount for National Tea against thirdparty defendant Martinez. Martinez appeals from the judgment entered on the latter verdict. We affirm.
The accident occurred during the morning rush hour at the junction of Interstate 25 (Northbound) and Interstate 70 (Eastbound). Traffic waiting to exit 1-25 and enter 1-70 was stop-and-go, and was backed up for some distance. The Schafer car was immediately ahead of the National Tea truck in this line. Jerry Schafer testified that as she was mid-way up the exit ramp, she was forced to come to an abrupt stop, at which time the National Tea truck hit the rear of her car. Stuber testified that as he was approaching the exit ramp, a third vehicle overtook him on his left and attempted to "bust in line" ahead of the Schafer vehicle. Failing this, due to the rapidly diminishing distance to the traffic island which formed the single-lane exit *951 ramp, the third vehicle decelerated and attempted to cut in ahead of Stuber. Stuber stated that he pulled to the extreme right of the exit ramp in order to avoid collision with the third vehicle which entered the ramp abreast of him. In so doing, he was momentarily distracted and was unable to stop his truck in time to avoid striking the Schafer car which had come to a sudden stop ahead.

I
At the close of National Tea's evidence, Martinez moved for a directed verdict, claiming that the evidence adduced was insufficient, as a matter of law, to establish a prima facie case of negligence on his part. Martinez asserts the motion was erroneously denied. We disagree.
Our Supreme Court has announced the following rule governing indemnity between tort-feasors: Where A recovers from B, but C is shown to have been the primary and a proximate cause of the injury, B may then have an action against C for indemnity. Jacobson v. Dahlberg, 171 Colo. 42, 464 P.2d 298; see also Simpson v. Digiallonardo, 29 Colo. App. 556, 488 P.2d 208. Stuber's testimony was sufficient, if believed, for the jury to find that Martinez negligently attempted to circumvent congested traffic by forcing his way into line, resulting in Stuber's momentary distraction and the ensuing collision between the National Tea truck and the Schafer vehicle. Determination of the issues of whether Martinez' actions constituted negligence and, if so, whether that negligence was the primary cause of the accident was properly submitted to the jury, as trier of fact. Jacobson v. Dahlberg, supra; Randall v. Nasbarg, 28 Colo. App. 147, 470 P.2d 893.
Similarly, whether Stuber's distraction was justifiable under these circumstances, or whether his duty to exercise reasonable care toward the car in front should have superseded any concern for the threat posed by the Martinez vehicle to his left, was a question of fact, again properly left to the jury to resolve. Hilzer v. MacDonald, 169 Colo. 230, 454 P.2d 928.

II
At trial, Jerry Schafer testified that the National Tea truck was the only vehicle involved in the accident. Counsel for National Tea, on cross-examination, attempted to impeach her credibility by showing that she had made prior inconsistent statements in a deposition, indicating the presence of a third vehicle and describing its actions. Martinez objected to the use of the deposition for any purpose on the ground that he had not been a party to this suit at the time the deposition was taken, and had not been present when it was taken. Martinez contends that it was prejudicial error for the trial court to allow impeachment through the deposition. We do not agree.
Use of depositions is governed by C.R.C.P. 32(a) which rule provides that depositions may be used against any party who was present or represented at the taking of the deposition or who had reasonable notice thereof. However, when a deposition is not offered as substantive evidence, but rather is used to impeach by prior inconsistent statements, this rule does not operate to preclude the deposition from being so used. See Appelhans v. Kirkwood, 148 Colo. 92, 365 P.2d 233, and Bishop v. People, 165 Colo. 423, 439 P.2d 342.
C.R.C.P. 32(a) is identical to Rule 32(a) of the Federal Rules of Civil Procedure. In commenting upon the application of this rule, Moore states:
"A deposition may be used as substantive or original evidence only against a party who was present or represented at the taking of the deposition or who had due notice thereof. But a deposition may be used by any party for the purpose of contradicting or impeaching the testimony of the deponent as a witness, irrespective of whether parties other than the one taking the deposition were present or represented at the taking of the deposition or had due notice thereof." *952 4A J. Moore, Federal Practice ¶ 32.02 (2d ed.)
See Pomeroy v. People, 116 Colo. 518, 182 P.2d 139; Lebeck v. William A. Jarvis, Inc., 145 F.Supp. 706, rev'd. on other grounds, 250 F.2d 285.
The record establishes that Mrs. Schafer's deposition was employed for the limited purpose of impeachment following a proper foundation. Additionally, the trial court carefully instructed the jury at the close of cross-examination and again at the end of the trial, that any statements contained in the deposition were not to be considered as evidence against Martinez.

III
Martinez also complains that counsel for National Tea asked several improper and prejudicial questions of Jerry Schafer pertaining to statements allegedly made by her to the investigating police officer at the scene of the accident. Later in the trial, when the police report was offered, it was not admitted into evidence because of the absence from the state of the officer who wrote the report. Martinez contends that questions based upon that report constituted error requiring reversal.
Mrs. Schafer denied making the inconsistent statements attributed to her in the police accident report. The alleged statements were to the effect that Mrs. Schafer had told a police officer that a third car had cut in and that she was able to stop in time, but the National Tea truck was not. The trial court promptly instructed the jury to disregard the questions based upon that report and cautioned the jury again at the end of trial that Martinez was not bound by the statements in that report. The court then struck the questions from the record. From our review of the record as a whole, we find that the prejudicial effect of these isolated questions was cured by the trial court's actions. Under these circumstances, Mrs. Schafer's crossexamination by questions based upon the report, while improper, was not prejudicial. See Hadden v. Gateway West Publishing Co., 130 Colo. 73, 273 P.2d 733; C.R.C.P. 61.

IV
As final grounds for reversal, Martinez contends that the trial court's Instructions Nos. 1 and 8 were erroneously given, as the evidence did not support them. We find no merit in this argument.
Instruction 1 was merely a statement of the parties' pleadings and contained the trial court's admonition that the contentions of the parties in the pleadings were not to be considered by the jury as evidence. There was nothing improper or prejudicial in this instruction.
Instruction 8 listed the applicable traffic ordinances of the City and County of Denver then in effect. The ordinances complained of dealt with (1) turning prohibitions where governed by traffic signs, and (2) vehicle operation on roadways laned for traffic. It properly instructed the jury that violation of an ordinance constituted negligence, but that such negligence could only be considered if it was a proximate cause of the accident. There was ample evidence presented from which the jury could have concluded that Martinez' attempt to cut into congested traffic was a violation of one or both ordinances and that such negligence was a proximate cause of the accident. See Kelley v. Holmes, 28 Colo.App. 79, 470 P.2d 590.
Judgment affirmed.
DWYER and PIERCE, JJ., concur.