546 P.2d 500 (1975)
Jesse L. BRADFIELD, and the Estate of Lenore Bradfield, Jesse L. Bradfield, Executor, Plaintiffs-Appellees,
v.
RINGSBY TRUCK LINES, INC., and Peter Kiewit Sons' Co., Defendants-Appellants.
HARTFORD ACCIDENT AND INDEMNITY COMPANY, Plaintiff-Appellee,
v.
RINGSBY TRUCK LINES, INC., and Peter Kiewit Sons' Co., Defendants-Appellants.
No. 75-008.
Colorado Court of Appeals, Div. I.
November 20, 1975.
Rehearing Denied December 11, 1975.
Certiorari Granted February 17, 1976.
*501 Blaine A. Rutenbeck, Denver, for plaintiffs-appellees, Jesse L. Bradfield, and The Estate of Lenore Bradfield, Jesse L. Bradfield, Executor.
Walberg & Pryor, Irving G. Johnson, Denver, for plaintiff-appellee, Hartford Acc. and Indem. Co.
Paul D. Renner, Denver, for defendant-appellant, Ringsby Truck Lines, Inc.
Wood, Ris & Hames, P. C., Stephen E. Connor, Denver, for defendant-appellant, Peter Kiewit Sons' Co.
Selected for Official Publication.
COYTE, Judge.
This is an appeal by defendants-appellants, Ringsby Truck Lines, Inc., and Peter Kiewit Sons' Company, from a judgment entered on an adverse jury verdict finding them jointly and severally liable to plaintiffs-appellees, Jesse L. Bradfield, individually and as executor of the Estate of Lenore Bradfield, and Hartford Accident and Indemnity Company, subrogated insurer of the Bradfields and I. Sander, Inc. We affirm in part and reverse in part.
The action arises from an accident that occurred on April 25, 1972, on Interstate 80 in Utah. Defendant Ringsby's vehicle, a Mac tractor pulling two trailers, was *502 proceeding westbound. Ringsby's vehicle followed a gasoline tanker owned by I. Sander, Inc., for approximately seven miles on a roadway consisting of two lanes, one lane carrying eastbound and one lane carrying westbound traffic. About 3000 feet east of the location of the impact the highway changed to what was usually a four-lane highway, with two lanes eastbound and two lanes westbound. At the time, however, resurfacing work was being performed on the two eastbound lanes by defendant Peter Kiewit pursuant to a contract with the state of Utah. Eastbound traffic had been diverted into the southern lane of the portion of the highway usually reserved for westbound traffic. The Ringsby driver had traveled this road daily for some months prior to the time traffic was diverted. At the point of commencement of the construction, the highway was posted with two signs: One warning of "TWO-WAY TRAFFIC AHEAD," and the other advising drivers of construction in the area. Kiewit's subcontractor had painted two yellow lines down the center of the westbound branch of the divided highway the day before the accident.
The Ringsby driver, upon entering what he assumed to be a four lane highway, commenced to pass the gasoline tanker which was pulling two trailers. This occurred at a curve in the roadway where his view was obstructed partly by the tanker and partly by an overpass. While passing, he was confronted with a pickup truck and camper unit, driven by plaintiff Jesse Bradfield, approaching in what the Ringsby driver believed to be his lane of traffic and about one hundred fifty to two hundred feet from him. The driver of the tanker testified that when he observed the approaching Bradfield vehicle he pulled over to his right to make room for the passing Ringsby truck. Defendant Ringsby's driver applied his brakes attempting to return to a position behind the tanker. When the rear trailer began to slide he released his brakes. He applied his brakes a second time whereupon the tractor jackknifed and the truck struck the tanker. Immediately thereafter, the rear trailer fishtailed and hit the front of the Bradfield vehicle which had pulled off the traveled portion of the highway a distance of 3 feet 8 inches.
Bradfield sued for damages and recovered a joint judgment against defendants in the amount of $20,000. Hartford, as subrogee of Bradfield and I. Sander, Inc., recovered its net property damage payments to its two insureds. Bradfield also recovered his deceased wife's medical expenses in his capacity as personal representative of her estate. It was stipulated at trial that her death was unrelated to the accident. The amount of these latter two awards is not at issue on appeal.
Reciprocal cross-claims were filed by the defendants, each seeking indemnification from the other, and the jury found in favor of Kiewit and against Ringsby. This verdict was subsequently set aside in response to Ringsby's motion for judgment notwithstanding the verdict.
Defendants-appellants raise seven issues as the basis of their appeal, three espoused by Ringsby and four by Kiewit. We will deal with them successively.

I.
Ringsby first alleges that the court erred in withdrawing from the consideration of the jury the acts or omissions of Bradfield as a possible proximate cause of the collision. We disagree.
At the time of the collision, plaintiff Bradfield, with his wife as a passenger, was traveling in his proper lane of traffic at 50-55 miles per hour in an area marked for a speed limit of 70 miles per hour. It was snowing lightly and the roadway was damp. He testified that as he entered an upgraded curvature in the highway he first sighted the Ringsby truck, side by side with the tanker, negotiating the curve in the eastbound traffic lane. Bradfield applied his brakes, slowed down, and pulled *503 over as far as he could without losing control over his vehicle. It is undisputed that the highway consisted of a traveled portion, a gravel shoulder 4 feet 10 inches wide and an 8 foot 1 inch dirt shoulder. The dirt shoulder or barrow pit sloped to form a drainage canal. At the point of impact, Bradfield's camper was nearly off the traveled section of the roadway with the left wheels on the pavement and the right wheels on the gravel shoulder. The right side of his unit was slightly more than 4 feet from a guardrail. His speed was 15 to 20 miles per hour.
A driver who is properly proceeding on his own side of the road, even after he sees an approaching vehicle coming towards him on the wrong side of the road, is entitled to assume that the other driver will return to his proper lane of traffic. Ankeny v. Talbot, 126 Colo. 313, 250 P.2d 1019, and Colorado Jury Instructions 11:10, see Annot., 47 A.L.R.2d 6. In Bird v. Richardson, 140 Colo. 310, 344 P.2d 957, the court stated:
"It would indeed seem unwise and manifestly unjust to hold that a driver of an automobile who, while driving in a lawful manner, perceives another automobile approaching him in the wrong traffic lane, is negligent if he does not immediately leave the roadway and drive into the ditch to avoid an accident which might not occur if the driver of the other car returns to his proper lane of traffic."
In the instant case Bradfield was properly proceeding on his side of the road and took appropriate evasive measures when he became aware that the approaching truck driver would not or could not return to his traffic lane. Contributory negligence is an affirmative defense which should not be submitted to the jury where, as here, there is no evidence to support it. Safeway Stores, Inc. v. Langdon, Colo., 532 P.2d 337.
Defendant Ringsby next alleges it was prejudiced by the failure of the court to instruct the jury on the substantive law of comparative negligence in Colorado as opposed to the law of Utah. The inability of a defendant to prove any negligence on the part of the plaintiff eliminates the operation of the comparative negligence rule. Powell v. Ouray, 32 Colo.App. 44, 507 P.2d 1101. Where the doctrine of comparative negligence is inapplicable, it cannot be error to fail to apply it or instruct the jury thereon.
Ringsby also argues that the verdict was excessive and not supported by the evidence. We cannot agree. It is within the exclusive province of the jury to assess damages in personal injury cases, and this court may not interfere with the amount of the verdict unless it appears to be the result of passion or prejudice, Gourdin v. Waller, 30 Colo.App. 498, 495 P.2d 1142; or unless it is grossly and manifestly excessive, Hotchkiss v. Preble, Colo.App., 521 P.2d 1278; or motivated by something other than the evidence in the case, Moseley v. Lamirato, 149 Colo. 440, 370 P.2d 450. Ringsby offers no theory which would substantiate a claim that the jury was motivated by passion or prejudice or elements outside the case, but rather points to the amount of the verdict as demonstrating that it was patently excessive.
Bradfield was 63 years of age at the time of the accident; his doctor testified that due to the accident, he suffered a fracture of the radial head of the elbow which resulted in permanent limitation of motion; and, as a result of the trauma, an existing arthritis condition was aggravated causing discomfort in the shoulder, back, legs, and arms and requiring continuing medication. Other witnesses testified that they observed that Bradfield's ability to perform his trade as a painter was impaired. During treatment of his injury Bradfield lost nearly $3000 in wages and incurred $446 in medical bills. In light of such circumstances, we cannot say that the sum awarded was "grossly and manifestly excessive." See Davis v. Fortino & Jackson *504 Chevrolet Co., 32 Colo.App. 222, 510 P.2d 1376.

II.
Kiewit first contends, in regard to plaintiff's claims, that the court erred in refusing either to direct a verdict in its favor or to enter a judgment notwithstanding the verdict.
The record reflects that Kiewit omitted to designate properly that the area was being resurfaced and that eastbound traffic was being diverted into one of the westbound lanes. While Kiewit's subcontractor had painted two yellow lines down the center of the westbound branch of the four lane interstate, no barriers were erected and only one sign alerted drivers to the two-way traffic situation.
This evidence is sufficient to show that appellant Kiewit's negligence was a proximate cause of Bradfield's injury. The experienced Ringsby driver testified to the effect that he would not have attempted to pass the tanker, had he been adequately warned of the abnormal road conditions. In passing, he relied on his previous experience driving this stretch of road which had always been for one-way westerly traffic.
To have legal consequences, the negligence of a defendant must have been the proximate cause or one of the proximate causes of the injury. Matt Skorey Packard Co. v. Canino, 142 Colo. 411, 350 P.2d 1069. See Reaves v. Horton, 33 Colo.App. 186, 518 P.2d 1380. Since the jury under proper instructions so found and the record supports its finding, it would have been error to direct a verdict in favor of defendant Kiewit, or to enter a judgment notwithstanding the verdict.
Kiewit asserts that the court erred in denying its motion for a continuance and in permitting a use of a magnifying glass by the jury. We find those contentions to be without merit. A request for continuance of a trial date is a matter which lies peculiarly within the sound discretion of the trial court, and nothing short of plain and arbitrary abuse of discretion will justify the reviewing court's reversal of a trial court's determination. Hoy v. North Jeffco Metropolitan Recreation Dist., 160 Colo. 382, 417 P.2d 790. The record reflects that the court's decision herein denying a requested continuance was proper in view of the interests of the other parties to the action. See Conditioned Air Co. v. Post, Colo.App., 513 P.2d 215.
And, as stated in defendant Kiewit's brief, the use of a magnifying glass by the jury in examining photographs entered into evidence facilitated "the mere making of a more critical examination of an exhibit" and did not "put the jury in possession of evidence not introduced at the trial." Hence, contrary to Kiewit's contention, permitting the use of the magnifying glass was not error.
There is merit, however, in Kiewit's argument that the trial court erred in setting aside the indemnification verdict of the jury.
Ringsby argues that in order for indemnity to apply, its negligence had to have been the sole cause of plaintiff's injuries and that, since a joint verdict was returned, the court properly set aside the indemnification verdict in accordance with Parrish v. De Remer, 117 Colo. 256, 187 P.2d 597. However, the rule announced in Parrish was extended in Jacobson v. Dahlberg, 171 Colo. 42, 464 P.2d 298, wherein the court held that indemnity of one joint tort-feasor by another is proper where the second joint tort-feasor's conduct is the primary cause of injury. Thus, where A recovers from B and C, but the negligence of C is shown to have been the primary and a proximate cause of the injury, B may then have an action over against C for indemnity. Schafer v. National Tea Co., 32 Colo.App. 372, 511 P.2d 949; B. K. Sweeney Co. v. Mc-Quay-Norris Manufacturing Co., 30 Colo.App.
*505 134, 489 P.2d 356; Simpson v. Digiallonardo, 29 Colo.App. 556, 488 P.2d 208.
Here, the jury found Kiewit's negligence was a proximate cause of the accident and that it was jointly and severally liable to Bradfield. But, in contrast to the negligence of omission of Kiewit, the evidence would support a finding that the Ringsby driver's negligence was the commission of acts which both placed the Bradfields in a position of danger and then caused that danger to be realized. Under the evidence, the jury could find that the Ringsby driver crossed the double yellow line and entered the wrong lane of traffic at a curve in the road, where his vision was impaired, and at a speed which prevented him from returning to his proper lane. And further, the jury could find that he then locked his tractor brakes, causing his vehicle to "jackknife" and the rear trailer to strike the front of the Bradfield unit.
Under these circumstances, questions as to whether indemnity should be allowed to either defendant against the other presented a factual issue for the jury to resolve under proper instructions. See Vigil v. Pine, 176 Colo. 384, 490 P.2d 934. And, under proper instructions, including an instruction on the significance of the double yellow lines, the jury found that the negligence of each defendant was a proximate cause of the accident, and also found that the negligence of Ringsby was the primary cause of the accident. Accordingly, the court erred in setting aside the indemnification verdict.
We therefore affirm the judgments in favor of plaintiffs and reverse the judgment entered notwithstanding the verdict and remand this case to the trial court with instructions to reinstate the jury's verdict on the issue of indemnity, and enter judgment thereon.
VanCISE, J., concurs.
STERNBERG, J., dissents.
STERNBERG, Judge (dissenting):
I respectfully dissent. I would reverse the judgment and order a new trial. In my view, the issue of indemnity should not have been presented to the jury. Ringsby owed no duty to Kiewit and thus Kiewit is not entitled to indemnification from Ringsby. The case of Bradford v. Bendix-Westinghouse Automotive Air Brake Co., 33 Colo.App. 99, 517 P.2d 406, is controlling on that issue. There it was held that indemnity can only be allowed, as an exception to the rule of non-contribution between joint tort-feasors, where there is a duty owed to the defendant seeking indemnification by the defendant from whom indemnification is sought.
Since the indemnification question was presented to the jury, its verdict on all issues should be overturned. Had it not been for that issue being left to the jury, its verdict, at least against Kiewit, could well have been different.