### No. C-872

**Ringsby Truck Lines, Inc. v. Jesse L. Bradfield, and The Estate of Lenore Bradfield, Jesse L. Bradfield, Executor, Peter Kiewit Sons' Co., and Hartford Accident and Indemnity Company**

(563 P.2d 939)

Decided May 2, 1977.                                    Rehearing denied May 31, 1977.

Paul D. Renner, for petitioner.

Blaine A. Rutenbeck, for respondent Jesse L. Bradfield and the Estate of Lenore Bradfield, Jesse L. Bradfield, Executor.

Wood, Ris & Hames, Stephen E. Connor, for respondent Peter Kiewit Sons' Co.

Walberg & Pryor, Irving G. Johnson, for respondent Hartford Accident and Indemnity Company.

*En Banc.*

MR. JUSTICE CARRIGAN delivered the opinion of the Court.


This case arose out of a collision between a pick-up truck and a "semi" tractor pulling two trailers. The collision occurred in Utah on the south two lanes of Interstate Highway 80, which were temporarily being used for two-way traffic while the north two lanes were being resurfaced. Bradfield, the driver of a pick-up truck, and his insurer, the Hartford Accident and Indemnity Company (Hartford), were the plaintiffs, Ringsby Truck Lines, Inc. (Ringsby), owner of the tractor and two trailers, and Peter Kiewit Sons' Co. (Kiewit), contractor for the highway resurfacing, were the defendants.

After hearing the evidence, the trial court ruled, as a matter of law, that Bradfield was not contributorily negligent. This left for the jury the issues of the defendants' negligence and an indemnity issue formed by cross-claims between the defendants. The jury found for the plaintiffs against both defendants on the negligence claims and for Kiewit on its claim for indemnity from Ringsby. The trial court entered a judgment for the plaintiffs against both defendants, but set aside the jury verdict for Kiewit against Ringsby ruling that indemnity was not proper.

The Court of Appeals affirmed the trial court's judgment for the plaintiffs but reversed on the cross-claims, and reinstated the jury's verdict which had awarded indemnity to Kiewit. *Bradfield v. Ringsby Truck Lines, Inc.*, 37 Colo. App. 123, 546 P.2d 500 (1975). We affirm the Court of Appeals' decision for the plaintiffs but hold that indemnity was not available to Kiewit against Ringsby in this factual setting.

On April 25, 1972, the date of the collision, Kiewit had routed all traffic on Interstate 80 to the south one-half of the four-lane, divided highway. The north one-half of Interstate 80 was closed for resurfacing. The south one-half of the highway thus had been converted into a two-lane, two-way highway. It consisted of the two traffic lanes, each nearly twelve feet wide, plus a surfaced emergency stopping lane eleven and one-half feet wide on the south and a surfaced lane four feet ten inches wide on the north. A "Two-Way Traffic" sign was posted at the beginning of the specially routed traffic, and double yellow lines separated the east-bound lane from the west-bound lane of the half of the highway left open to traffic.

The collision occurred when the driver of the Ringsby vehicle, unaware that traffic had been specially routed, and therefore unaware that he was on a two-lane rather than a four-lane highway, attempted to pass a gasoline tanker ahead of him. Bradfield's vehicle approached head-on, from under an overpass and around a curve, in the lane Ringsby was occupying while passing the tanker. Bradfield slowed from 50 or 55 m.p.h. to 15 or 20 m.p.h., and both Bradfield and the tanker pulled almost entirely

off the traveled portion of the road onto the shoulders to make room for Ringsby. Ringsby braked, fish-tailed, and struck the oncoming Bradfield vehicle.

## I. *Contributory Negligence*

Ringsby claims that the trial court erred in taking from the jury the issue of Bradfield's contributory negligence. In support of its contention, Ringsby cites *Parrish v. Smith*, 102 Colo. 250, 78 P.2d 629 (1938) for the proposition that the normal "rules of the road" are suspended under detour conditions. It is argued that for this reason, Bradfield was insufficiently cautious and chargeable with contributory negligence.

*Parrish*, however, involved a single lane detour used simultaneously by both directions of traffic. That opinion's recitation of the detour conditions there involved demonstrates how different they were:

"At the place of collision and in that vicinity, a new highway was in course of construction, at some places crossing the old road and at others following its course. The collision occurred at the easterly end of a cut which was some three or four hundred feet long, and in places fifteen feet deep, which was new construction on the course of the old highway, and all travel had to pass through this cut . . . . All of the surface of the highway within the cut, which occupied its entire width, was broken or plowed up, road machinery and other obstructions were present, and the traffic was under the direction of the construction foreman, who had placed appropriate signs along the immediate line of travel. Work was not in progress on the day of the accident. Owing to piles of dirt, road machinery, and other obstructions, travel had been diverted toward the easterly end of the cut over to the extreme north side thereof, and the evidence discloses that all traffic was on a one way line of travel which followed deep tracks that had been made by the traffic. According to the evidence, these tracks were from ten to twelve inches deep in places." (102 Colo. at 252, 78 P.2d at 630).

Here, the specially routed traffic had two paved lanes and two paved shoulders available.

From the evidence viewed in the light most favorable to Ringsby, reasonable minds would have to agree that Bradfield did all he was legally required to do in the dangerous situation which suddenly confronted him. His initial rate of speed was not unreasonable under the circumstances. He slowed his vehicle markedly and pulled almost entirely onto the shoulder of the highway. Bradfield was not required to drive his vehicle into the ditch. *Bird v. Richardson*, 140 Colo. 310, 344 P.2d 957 (1959). When a driver sees a vehicle approaching him in the wrong lane, he is entitled to assume that the other driver will return to his proper lane of traffic. *See Bird v. Richardson, supra; Ankeny v. Talbot*, 126 Colo.

313, 250 P.2d 1019 (1952). The trial court did not err in withdrawing the contributory negligence issue from the jury's consideration.[1]

## II. *Indemnification*

Ringsby presents the serious question of when one joint tortfeasor may obtain indemnity from another.[2] Colorado law has allowed indemnity between tortfeasors only where a tortfeasor who is secondarily negligent has sought recovery from a tortfeasor who is primarily negligent.[3] The primarily negligent tortfeasor, however, need not have been the sole cause of the plaintiff's injuries. *Jacobson v. Dahlberg*, 171 Colo. 42, 464 P.2d 298 (1970).[4]

The distinction between primary and secondary negligence does not mean that the "less negligent" defendant may recover from the "more negligent" defendant. *See Bradford v. Bendix-Westinghouse Automotive Air Brake Co.*, 33 Colo.App. 99, 517 P.2d 406 (1973). It has not been the policy of this state to distribute the loss between joint tortfeasors according to their degree of fault. This would amount to a form of contribution. Under traditional Colorado law, contribution between conventional joint tortfeasors has not been permitted. *Hamm v. Thompson*, 143 Colo. 298, 353 P.2d 73 (1960).

For one tortfeasor to be in a position of secondary responsibility *vis-a-vis* another tortfeasor, and thus to be entitled to indemnification, there must have been some preexisting legal relation between them or some duty on the part of the primary tortfeasor to protect the secondary tortfeasor. In *Bradford v. Bendix-Westinghouse Automotive Air Brake Co., supra*, the Court of Appeals held that indemnity can only be allowed where there is a duty owed by the defendant from whom indemnification is sought to the party seeking indemnification.

The notion that indemnification must be based on some legal relationship or duty imposed by statutory or common law, has long been implicit in the "primary tortfeasor" requirement of our case law. All of the

---

[1] Due to the result we have reached on the contributory negligence issue, it is unnecessary for us to consider Ringsby's argument regarding the applicability of Colorado's comparative negligence law.

[2] Only Colorado cases have been cited in the briefs. No issue has been raised ragarding, and we will not consider, the applicability of Utah law to the indemnity issue.

[3] *Jacobson v. Dahlberg*, 171 Colo. 42, 464 P.2d 298 (1970); *Parrish v. DeRemer*, 117 Colo. 256, 187 P.2d 597 (1947); *Otis Elevator Co. v. Maryland Cas. Co.*, 95 Colo. 99, 33 P.2d 974 (1934); *Colorado & S. Ry. Co. v. Western Light & Power Co.*, 73 Colo. 107, 214 P. 30 (1923); *Bradford v. Bendix-Westinghouse Automotive Air Brake Co.*, 33 Colo.App. 99, 517 P.2d 406 (1973); *Schafer v. National Tea Co.*, 32 Colo.App. 372, 511 P.2d 949 (1973); *Sweeney Co. v. McQuay-Norris*, 30 Colo.App. 134, 489 P.2d 356 (1971); *see Simpson v. Digiallonardo*, 29 Colo.App. 556, 488 P.2d 208 (1971).

[4] Any language in *Parrish v. DeRemer*, 117 Colo. 256, 187 P.2d 597 (1947) to the contrary was overruled in *Jacobson*.

pertinent Colorado cases recognizing an exception to the general rule that prohibits indemnity between parties *in pari delicto* have involved situations where a legal relationship or duty supported indemnity.[5]

In the present case Ringsby owed no *duty* to protect Kiewit. As the late Dean Prosser stated in his treatise, when an automobile driver, as a reasonable person, should:

"foresee that his conduct will involve an unreasonable risk of harm to other drivers or to pedestrians, he is then under a duty to them . . . . There are, however, a good many defendants, and a good many situations, as to which there is no such duty." *W. Prosser, Torts*, § 53, p. 326 (4th Ed. 1971).

Since Ringsby's duty of care did not extend to Kiewit, and since no other legal relationship between Ringsby and Kiewit can support indemnity, we hold that the judgment of indemnification in favor of Kiewit against Ringsby was improper.

The judgment of the trial court is affirmed as to the liability to the plaintiffs. The judgment of indemnification against Ringsby in favor of Kiewit is reversed.

MR. CHIEF JUSTICE PRINGLE does not participate.

---

[5] *Jacobson v. Dahlberg, supra* note 3 (manufacturer of gun owed duty to purchaser who sought indemnity); *Parrish v. DeRemer, supra* note 3 (highway contractor owed duty to highway traveler who sought indemnity); *Otis Elevator Co. v. Maryland Cas. Co., supra* note 3 (elevator company owed contractual duty to building owner who sought indemnity); *Colorado & S. Ry. Co. v. Western Light & Power Co., supra* note 3 (railroad company owed duty to street car company which sought indemnity); *Bradford v. Bendix-Westinghouse Automotive Air Brake Co., supra* note 3 (truck owner had no duty to protect manufacturer of defective product who sought indemnity); *Schafer v. National Tea Co., supra* note 3 (motorist who caused accident owed duty to another motorist who sought indemnity); *Sweeney Co. v. McQuay-Norris, supra* note 3 (manufacturer of defective product owed duty to retailer who sought indemnity); *Simpson v. Digiallonardo, supra* note 3 (subcontractor owed contractual duty to contractor who sought indemnity).