**Myla KELLEY, Daniel Kelley, Plaintiffs,**

**v.**

**UNITED AIRLINES, INC., Andy Frain Aviation Services, Inc., Defendants.**

**No. Civ.A. 94–11803–MLW.**

United States District Court,
D. Massachusetts.

Dec. 9, 1997.

Sean P. Teehan, Murphy and Beane, Boston, MA, for Plaintiffs.

Wayne C. Kerchner, Meehan, Boyle & Cohen, P.C., Boston, MA, Christopher A. Duggan, Smith, Duggan & Johnson, Boston, MA, for Defendants.

## MEMORANDUM AND ORDER STRIK-ING UNITED AIRLINES, INC.'S FOURTH AFFIRMATIVE DEFENSE

COLLINGS, United States Magistrate Judge.

In this case it is alleged that on or about August 11, 1992, plaintiff Myla Kelley was injured in the course of being boarded onto a United Airlines flight at Stapleton Airport in Denver, Colorado. As a result of being handicapped, Mrs. Kelley needs wheelchair accommodation, i.e., an aisle chair, in order to enplane or disembark from aircraft. The plaintiffs claim that Mrs. Kelley was either

dropped or fell from the aisle chair being used to board her onto United Airlines flight # 352 to Boston, Massachusetts resulting in significant personal injury to her.

Denying liability, defendant United Airlines asserts, inter alia, that it cannot be held accountable because its personnel did not provide the wheelchair services to Mrs. Kelley. Rather, a company hired by United Airlines, to wit, the second defendant, Andy Frain Aviation Services, Inc., was actually responsible for the provision of wheelchair services. In United Airlines' view, it is insulated from liability for any negligence involved in accommodating Mrs. Kelley because Andy Frain Aviation Services, Inc. purportedly was an independent contractor. This position is reflected in United Airline's Fourth Affirmative Defense which reads:

> And further answering, Defendant United states that the conduct, acts and/or omissions of which the Plaintiffs complain were the conduct, acts and/or omissions of another and that Defendant United does not have responsibility for same.

Defendant United Airlines, Inc.'s Answer # 3.

Needless to say, plaintiffs argue that United Airlines cannot, as matter of law, escape liability by delegating its duty to an independent contractor.

■ The constellation of facts in this case raises issues with respect to the applicable law which must be resolved before the legal viability of the affirmative defense can be determined. An initial question to be addressed is whether the plaintiffs' common law claims are preempted by the Airline Deregulation Act (ADA) [1] which read, in relevant part "no State .'. . shall enact or enforce any law, rule, regulation, standard, or other provision having the force and effect of law relating to rates, routes, or services of any air carrier." 49 U.S.C.App. § 1305(a)(1). A 1995 Supreme Court decision made it clear that the Kelleys' breach of contract claims would not be preempted. *American Airlines, Inc. v. Wolens*, 513 U.S. 219, 226, 115 S.Ct. 817, 822, 130 L.Ed.2d 715 (1995); *see also Chukwu v. Board of Directors British Airways*, 915 F.Supp. 454, 456 (D.Mass., 1996); *Chukwu v. Board of Directors of Varig Airline*, 880 F.Supp. 891, 895 (D.Mass., 1995). Moreover, a survey of recent case law reveals that the majority of courts confronting the issue have determined that a plaintiff's claim for common law negligence under state tort law similarly does not fall within the purview of the statutory preemption provision and, consequently, is not barred. *See, e.g., Rivera v. Delta Air Lines*, 1997 WL 634500*3–5 (E.D.Pa., 1997) ("This Court is persuaded by the line of cases that hold that Congress did not intend to shield airlines from common law negligence claims"); *Diaz Aguasviva v. Iberia Lineas Aereas de Espana*, 902 F.Supp. 314, 318 (D.P.R.1995); *Moore v. Northwest Airlines, Inc.*, 897 F.Supp. 313, 315 (E.D.Tex., 1995); *Jamerson v. Atlantic Southeast Airlines*, 860 F.Supp. 821, 824–26 (M.D.Ala., 1994). Finding the reasoning of these and comparable decisions to be compelling, this Court too shall follow the majority rule that negligence claims predicated on state law are not preempted by the ADA.

Next, a question of choice of law arises given that the plaintiffs, Mr. and Mrs. Kelley, are residents of the Commonwealth while the actions underlying the complaint occurred in Denver, Colorado. It is unnecessary to undertake a lengthy examination of the factors to be considered under Massachusetts conflicts of laws principles, however, since the Court finds the pertinent law of Colorado and Massachusetts to be comparable.

---

1. The ADA was in effect at the time the events in this case occurred. In 1994, the Federal Aviation Administration Authorization Act of 1994 (FAAAA) was enacted with a comparable preemption provision:

   (b) Preemption.—(1) Except as provided by this subsection, a State, political subdivision of a State, or political authority of at least 2 States may not enact or enforce a law, regulation, or other provision having the force and effect of law related to a price, route, or service of an air carrier that may provide air transportation under this subpart.
   Title 49 U.S.C. § 41713(b)(1).
   According to the Supreme Court, "Congress intended the revision to make no substantive change." *American Airlines, Inc. v. Wolens*, 513 U.S. 219, 222 n. 1, 115 S.Ct. 817, 821 n. 1 (1995).

■ It shall be assumed arguendo for present purposes that Andy Frain Aviation Services, Inc. was an independent contractor.[2] Beginning first with the law of the Commonwealth, the Supreme Judicial Court wrote fifty years ago:

> To the rule that one who employs an independent contractor is not ordinarily liable for his negligence or that of his employees there are several exceptions. One of them is stated by the American Law Institute in Restatement: Torts, § 428, in these terms: 'An individual or a corporation carrying on an activity which can be lawfully carried on only under a franchise granted by public authority and which involves an unreasonable risk of harm to others, is subject to liability for bodily harm caused to such others by the negligence of a contractor employed to do work in carrying on the activity.' Decisions supporting this rule are *Venuto v. Robinson,* 3 Cir., 118 F.2d 679; *Hodges v. Johnson,* D.C.W.D. Va. 52 F. Supp. 488; *Cotton v. Ship–By–Truck Co.,* 337 Mo. 270, 278, 85 S.W.2d 80; *Bates Motor Transport Lines, Inc., v. Mayer,* 213 Ind. 664, 671–673, 14 N.E.2d 91, and *Duncan v. Evans,* 134 Ohio St. 486, 17 N.E.2d 913. See *Woodman v. Metropolitan Railroad,* 149 Mass. 335, 339, 340, 21 N.E. 482, 4 L.R.A. 213, 14 Am.St.Rep. 427; *Boucher v. New York, New Haven & Hartford Railroad,* 196 Mass. 355, 359, 360, 82 N.E. 15, 13 L.R.A.N.S. 1177. *See also* note 28 A.L.R. 122, et seq. We accept the principle of this statement but without adopting the word "unreasonable" as wholly appropriate in this connection. The rationals (sic) of the rule is that it is considered contrary to public policy to permit one engaged in such as activity to delegate his responsibility to others.

*Barry v. Keeler,* 322 Mass. 114, 126, 76 N.E.2d 158, 164 (1947). This articulation of the law remains in full force in Massachusetts to this day. *See, e.g., Teixeira v. Cab Three, Inc.,* 1994 WL 413034*3–4 (Mass.App. Div.) ("It is the public policy underlying a common carrier's duty which forms the basis of existing Massachusetts case law that a common carrier is liable for injuries resulting from the negligence of its independent contractors and from tortious assaults by its employees.") Further, it is consonant with the view articulated in a notable compendium of American law:

> § 905. LIABILITY OF CARRIER FOR NEGLIGENCE OF INDEPENDENT CONTRACTOR
>
> The duty of a common carrier of passengers to exercise the requisite degree of care for those it undertakes to transport upon its facilities is nondelegable, so that a passenger who sustains injuries because of the fact that such degree of care was not exercised is entitled to hold the carrier responsible, notwithstanding the injuries were directly attributable to the negligence of an independent contractor.

14 American Jurisprudence 2d, Carriers § 905(1964).

In short, under Massachusetts law, United Airlines would not be shielded from potential liability in tort merely by virtue of the status of Andy Frain Aviation Services, Inc. as an independent contractor.

■ The law of Colorado is not so straightforward. Indeed, the parties have cited no cases on point in any of their memoranda, nor has the Court found any such law during the course of its independent research. However, the inverse is equally true; the Court has found no cases in Colorado which contradict the view expressed by the courts of Massachusetts. In addition, the law of other jurisdictions appears to be in accord with that of the Commonwealth. *See, e.g., Alaska Airlines, Inc. v. Sweat,* 568 P.2d 916, 926 (1977) ("We believe that the responsibility of a common carrier for the safety of its passengers is so important that the carrier should not be permitted to transfer it to another. A scheduled common carrier such as Alaska [the plaintiff] is given a monopoly or semi-monopoly primarily for the purpose

---

2. The plaintiffs do not concede that Andy Frain Aviation Services, Inc. was an independent contractor, arguing to the contrary that in fact the company was merely acting as an agent for United Airlines. However, given the Court's view of the law as discussed in this Memorandum, the relationship between the two defendants is irrelevant with respect to the potential for liability for any negligence involved in boarding Mrs. Kelley on flight # 352.

of furnishing safe and reliable scheduled air transportation. It should not be permitted to barter away its responsibility to the traveling public by means of contracts with other carriers. If this were permissible, an air carrier could avoid liability by engaging in independent contracts for furnishing food, maintenance of its planes and conceivably even for supplying crews. Regardless of whether such contracts may be permitted by regulatory authorities, the traveling public is entitled to look for protection to the certified carrier responsible for the scheduled route.")

Colorado has adopted at least one exception "to the general rule of nonliability for the negligence of an independent contractor" which is delineated in section 427 of the Restatement (Second) of Torts. *Huddleston v. Union Rural Electric Association,* 841 P.2d 282, 287 (1992). The Supreme Court of Colorado, *en banc,* wrote

> As framed, section 427 creates a rule of vicarious liability making the employer liable for the negligence of the independent contractor in failing to guard against a special danger, irrespective of whether the employer has itself been at fault.

*Huddleston,* 841 P.2d at 288.

The Court continued by examining various other sections of the Restatement in order to establish a standard for determining whether an activity is inherently dangerous. The *Huddleston* decision evinces the Colorado Supreme Court's willingness to recognize exceptions to the general rule with regard to a principal's liability vis-a-vis an independent contractor and to apply the provisions of the Restatement (Second) of Torts.

In all of these circumstances, the Court finds that, if faced with the issue, the Colorado Supreme Court would adhere to the view espoused by the Massachusetts Supreme Judicial Court and rule that a common carrier can be held liable for the negligent acts of an independent contractor. Accordingly, it is ORDERED that United Airline's Fourth Affirmative Defense be, and the same is, STRICKEN as a matter of law on the undisputed facts of the case.