Myla **KELLEY**, Daniel Kelley, Plaintiffs,

v.

**UNITED AIRLINES, INC.,** Andy
**Frain Aviation Services,
Inc., Defendants.**

**No. Civ.A. 94–11803–MLW.**

United States District Court,
D. Massachusetts.

Feb. 18, 1998.

Sean P. Teehan, Murphy and Beane, Boston, MA, for Myla Kelley, plaintiffs.

Wayne C. Kerchner, Meehan, Boyle & Cohen, P.C., Boston, MA, for defendants.

### *MEMORANDUM AND ORDER ON UNITED AIRLINES., INC.'S MOTION FOR RECONSIDERATION, ETC. (# 81)*

COLLINGS, United States Magistrate Judge.

United Airlines, Inc. ("United") has moved that I reconsider the ruling I made on December 9, 1997, *Kelley v. United Airlines, Inc.,* 986 F.Supp. 684 (D.Mass.1997), that if faced with the question, the Colorado Supreme Court would hold that United, as a common carrier, could be found liable for the negligence of its independent contractor, Andy Frain Aviation Services, Inc. ("Frain"), in providing wheelchair services to Myla Kelley when boarding a United flight at Denver for a flight to Boston. United takes the position that Colorado law applies and that the law of Colorado is that United cannot, in the circumstances of this case, be liable for the negligence of its independent contractor.

In support of its contention, United has filed a copy of an unpublished opinion by the United States District Court for the District of Colorado in the case of *McDonnel v. Andy Frain Services, Inc., et al.,* (C.A.94–B–2776) issued December 30, 1996. Neither counsel for the parties nor I was aware of this decision when I issued the memorandum and order on December 9, 1997; United's counsel brought it to the attention of the Court and other counsel when it filed its motion for reconsideration on January 6, 1998.

The facts in the *McDonnel* case were virtually identical to those in the instant case. The passenger McDonnel was being boarded on a United flight in Denver by wheelchair. A Frain employee was operating the wheelchair when it tipped over. McDonnel sued United claiming it was liable for Frain's negligence. The Court found that Frain was an independent contractor and noted the general rule that one cannot be held liable for the negligent acts of an independent contractor. Noting the "inherently dangerous work" exception as recognized in *Huddleston v. Union Rural Electric Ass'n.,* 841 P.2d 282 (Colo. 1992), the Court ruled that "... the trans-

port of persons in wheelchairs through airport concourses does not qualify as 'inherently dangerous' work." *McDonnel, supra,* at p. 4 (slip opinion).

In the *McDonnel* case, the district judge was ruling on a motion for summary judgment which was unopposed by the plaintiff. *Id.* at p. 3 (slip opinion). Understandably, the Court's treatment of the issue was summary. There was no discussion as to whether the Colorado Supreme Court, if faced with the question, would adopt the exception contained in Section 428, *Restatement of Torts, 2d* respecting common carriers; this section sets forth the principle of law which has been adopted in Massachusetts and other states. *See, Kelley,* 986 F.Supp. at 686 (D.Mass. 1997).[1]

For these reasons, I decline at this time to reverse my earlier decision. However, in view of the opinion of the U.S. District Court in Colorado in the *McDonnel* case, I am not as confident that the Colorado Supreme Court would act as I predicted. Rather, I find that Colorado law is uncertain on the point and shall certify the question to the Colorado Supreme Court pursuant to Rule 21.1 of the Rules of the Colorado Supreme Court. I find that the issue of law is determinative as to the claims of plaintiffs as against United, and I am able to find no controlling precedent in the decisions of the Supreme Court of Colorado.[2]

Accordingly, it is ORDERED that United Airlines, Inc.'s Motion for Reconsideration, Etc. (# 81) be, and the same hereby is, ALLOWED to the extent that the question of whether, in the circumstances of this case, United can be held liable for Frain's alleged negligence in boarding Ms. Kelley on a United flight at Denver in a wheelchair, shall be certified to the Colorado Supreme Court. It is FURTHER ORDERED that United Airlines, Inc.'s Motion for Reconsideration, Etc. (# 81) be, and the same hereby is, otherwise DENIED without prejudice to renewal after the Colorado Supreme Court acts on the certified question.

---

1. Plaintiffs' counsel's citation of other Colorado cases in an attempt to persuade the Court that Colorado law is straightforward on the issue miss the mark. The case of *Union Depot Railway Co. v. Londoner,* 50 Colo. 22, 114 P. 316 (1911) does not deal in any respect with the issue of independent contractors as opposed to agents. The case of *Colorado & Southern Railway Co. v. McGeorge,* 46 Colo. 15, 102 P. 747 (1909) merely states the common carrier's duty; there is no discussion whatever about whether the common carrier can be liable if a task is delegated to an independent contractor as opposed to an agent of the carrier. In the case of *Jules v. Embassy Properties, Inc.,* 905 P.2d 13 (Colo.App.1995), the Court was dealing with a specific statute providing for liability of landowners for injuries occurring on their premises regardless of whether the duties were to be performed by an independent contractor; the statute, by its terms, does not apply to the instant

case. To the same effect is *Sofford v. Schindler Elevator Corp.,* 954 F.Supp. 1459 (D.Colo., 1997). Lastly, the case of *Simpson v. Digiallonardo,* 29 Colo.App. 556, 488 P.2d 208 (1971) deals with the exception to the general rule that "where a general contractor agrees with the owner of property to perform a specific task, he may not, by hiring an independent contractor to perform that task, escape liability for breach of contract for damages sustained by the owner which result from the negligence of the independent contractor." *Simpson,* 29 Colo.App. at 560, 488 P.2d at 210. While this case may be support for the plaintiffs' breach of contract claim, it does not apply to plaintiffs' negligence claim.

2. In a separate Order issued this date, the Court has ruled that Colorado law governs the plaintiffs' claim for negligence.