United States Court of Appeals,

Fifth Circuit.

No. 91-6070.

Charles E. Gene SMITH and Joan Smith, et al., Plaintiffs-Appellants,

v.

AMERICA WEST AIRLINES, INC. and Connie Lynn Weaver, Defendants-Appellees.

Oct. 14, 1993.

Appeal from the United States District Court for the Southern District of Texas.

Before DAVIS and JONES, Circuit Judges, and PARKER[*], District Judge.

EDITH H. JONES, Circuit Judge:

This appeal presents the question whether the Airline Deregulation Act of 1978 preempts a state law claim for negligence relating to the airline's alleged failure to employ adequate safety measures. The district court held that the plaintiffs' causes of action were preempted by 49 U.S.C.App. § 1305 and dismissed the complaint. We affirm in light of our unpublished opinion in *Baugh v. Trans World Airlines, Inc.,* No. 90-2074, 915 F.2d 693 (Table) (5th Cir. Sept. 14, 1990) and our published opinion in *O'Carroll v. American Airlines, Inc.,* 863 F.2d 11 (5th Cir.), *cert. denied,* 490 U.S. 1106, 109 S.Ct. 3158, 104 L.Ed.2d 1021 (1989).

I.

BACKGROUND

On January 16, 1990, America West flight 727 was hijacked en route to Las Vegas from Houston. The hijacker forced the pilot to land the aircraft in Austin, Texas, so that it could be refueled and flown to Cuba. At the Austin airport, police overpowered the hijacker and placed him under arrest.

Passengers on the airplane brought a lawsuit in state court against America West and Connie Lynn Weaver claiming that the defendants were negligent in permitting the hijacker to board the aircraft. The defendants removed the action to federal court and promptly moved to dismiss the

---

[*]Chief District Judge of the Eastern District of Texas, sitting by designation.

action on the ground that the plaintiffs' state law tort claims were preempted by the Airline Deregulation Act of 1978 (ADA), 49 U.S.C.App. § 1301 *et seq.,* and that no implied cause of action existed under the Federal Aviation Act. The district court granted the defendants' motion and dismissed the complaint. The plaintiffs appeal.

## II.

## DISCUSSION

In *Baugh, supra,* we held that a state-law tort claim for personal injury is preempted by 49 U.S.C.App. § 1305 if the claim relates to the airline's rates, routes, or services. The claim in *Baugh,* for a stewardess's having negligently stomped on a passenger's foot, was held to be related to services. We have criticized the breadth of *Baugh* 's preemption analysis in *Hodges v. Delta Airlines, Inc.,* --- F.2d ----, No. 91-6037, released concurrently herewith. Plaintiffs' petition here alleges several acts or omissions of negligence and gross negligence by America West and Weaver. These allegations generally accuse America West and Weaver of failing to warn or protect ticketed passengers against hazards which were known or should have been known to the defendants by allowing Jose Manuel Gonzales-Gonzales to board flight 727 at Houston Intercontinental Airport. The plaintiffs allege that America West and Weaver failed to use boarding practices stringent enough to prevent Gonzalez-Gonzalez from boarding the aircraft, as a result of which plaintiffs' safety was seriously compromised.

This lawsuit posits claims that are more closely related to airline services than those in *Hodges* or *Baugh.* Further, in *O'Carroll v. American Airlines, Inc.,* 863 F.2d 11 (5th Cir.), *cert. denied,* 490 U.S. 1106, 109 S.Ct. 3158, 104 L.Ed.2d 1021 (1989), this court held that § 1305 preempted, as related to "services", the claims of a passenger who was bumped from a flight because of disorderliness. It is a difficult question whether any negligence that can be attributed to the defendants for permitting Gonzales-Gonzales to board flight 727 is integrally "related to" the airline's services and has the "forbidden significant effect" that compels § 1305 preemption. *Morales v. Trans World Airlines, Inc.,* --- U.S. ----, 112 S.Ct. 2031, 2039, 119 L.Ed.2d 157 (1992). It may be that allowing this lawsuit to proceed would neither have a significant regulatory effect on the airline's

services nor would it impermissibly cause common-law regulation of boarding practices.  Until this court overturns or modifies its opinions in *Baugh* and *O'Carroll,* however, further speculation on the preemptive scope of § 1305 is moot.

Therefore, the judgment of the district court must be *AFFIRMED.*