Clara J. JAMERSON, Plaintiff,

v.

**ATLANTIC SOUTHEAST AIRLINES, et al., Defendants.**

No. CV–92–A–1104–S.

United States District Court, M.D. Alabama, Southern Division.

Aug. 15, 1994.

W. Terry Bullard, Michael J. Gamble, Dothan, AL, for plaintiff.

Herman W. Cobb, Dothan, AL, for defendant.

## *MEMORANDUM OPINION AND ORDER*

ALBRITTON, District Judge.

### I. INTRODUCTION

This cause is now before the court on the motion for summary judgment filed by Defendant, Atlantic Southeast Airlines ("ASA"), on July 6, 1994.

Clara J. Jamerson ("Mrs. Jamerson") and Lester W. Jamerson ("Mr. Jamerson"), filed this action on October 22, 1991 in the Circuit Court of Houston County, Alabama alleging negligence and wantonness against ASA. On August 10, 1991, Mr. and Mrs. Jamerson amended their complaint to include Embraer Aircraft Corporation ("EAC") as a defendant and to add allegations. On September 1, 1992, EAC removed the action to this court on the basis of diversity jurisdiction. 28 U.S.C. § 1332.

Subsequently, the Jamersons and EAC entered into a settlement agreement and stipulated to the dismissal of the suit against

EAC. On July 5, 1994, ASA filed a suggestion of death of Mr. Jamerson pursuant to Fed.R.Civ.P. 25(a)(1). At the pretrial hearing held on July 29, 1994, Mr. Jamerson was dismissed as a plaintiff. The plaintiff also dismissed all counts of the complaint and amended complaint except Count One.

For the reasons stated below, the court finds that ASA's motion for summary judgment is due to be denied.

## II. BACKGROUND

On May 30, 1991, Mrs. Jamerson, who is elderly and legally blind, slipped and fell while disembarking from an ASA EMB–120 Brasilia aircraft at the Houston County Airport in Dothan, Alabama. She claims that she advised ASA in advance that she would need assistance in deplaning. Mrs. Jamerson further alleges that ASA failed to warn her that the last step in the movable stairs was a greater distance away than the other steps and that she was injured because ASA negligently failed to assist her and negligently failed to warn her.

Subsequently, the Jamersons brought this action and ASA filed the instant motion.

## III. SUMMARY JUDGMENT STANDARD

■ Rule 56(c) of the Federal Rules of Civil Procedure provides that summary judgment is appropriate where "there is no genuine issue as to any material fact and ... the moving party is entitled to judgment as a matter of law." This standard can be met by the movant, in a case in which the ultimate burden of persuasion at trial rests on the nonmovant, either by submitting affirmative evidence negating an essential element of the nonmovant's claim, or by demonstrating that the nonmovant's evidence itself is insufficient to establish an essential element of his or her claim. *Celotex Corp. v. Catrett,* 477 U.S. 317, 322, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986); *Hammer v. Slater,* 20 F.3d 1137, 1140–41 (11th Cir.1994) (citation omitted).

■ The burden then shifts to the nonmovant to make a showing sufficient to establish the existence of an essential element to his claims, and on which he bears the burden of proof at trial. *Id.* To satisfy this burden, the nonmovant cannot rest on the pleadings, but must by affidavit or other appropriate means, set forth specific facts showing that there is a genuine issue for trial. Fed.R.Civ.P. 56(e).

■ The court's function in deciding a motion for summary judgment is to determine whether there exists genuine, material issues of fact to be tried, and if not, whether the movant is entitled to a judgment as a matter of law. *See Dominick v. Dixie National Life Insurance Company,* 809 F.2d 1559 (11th Cir.1987). It is the substantive law that identifies those facts which are material on motions for summary judgment. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 258, 106 S.Ct. 2505, 2515, 91 L.Ed.2d 202 (1986). *See also DeLong Equipment Co. v. Washington Mills Abrasive Co.,* 887 F.2d 1499 (11th Cir. 1989).

■ When the court considers a motion for summary judgment it must refrain from deciding any material factual issues. All the evidence and the inferences from the underlying facts must be viewed in the light most favorable to the nonmovant. *Earley v. Champion International Corp.,* 907 F.2d 1077, 1080 (11th Cir.1990). *See also Matsushita Electric Industrial Co. v. Zenith Radio Corp.,* 475 U.S. 574, 587, 106 S.Ct. 1348, 1356, 89 L.Ed.2d 538 (1986). The movant bears "the exacting burden of demonstrating that there is no dispute as to any material fact in the case." *Warrior Tombigbee Transp. Co. v. M/V Nan Fung,* 695 F.2d 1294, 1296 (11th Cir.1983). *See also Adickes v. S.H. Kress & Co.,* 398 U.S. 144, 157, 90 S.Ct. 1598, 1608, 26 L.Ed.2d 142 (1970).

With these rules and principles of law in mind, the court will determine whether summary judgment is appropriate or whether there exist genuine issues of material fact that should properly proceed to trial for resolution.

## IV. DISCUSSION

### A. The Airline Deregulation Act

■ ASA argues that summary judgment is appropriate on Mrs. Jamerson's negligence

claims, failure to assist and failure to warn, because they are preempted by the Airline Deregulation Act of 1978 ("ADA"), 49 U.S.C.App. § 1305. 49 U.S.C.App. § 1305(a)(1) provides in relevant part:

§ 1305. Federal preemption

(a) Preemption.

(1) ... [N]o State or political subdivision thereof and no interstate agency or other political agency of two or more States shall enact or enforce any law, rule, regulation, standard, or other provision having the force and effect of law relating to rates, routes, or services of any air carrier having authority under subchapter IV of this chapter to provide air transportation.

ASA contends that Mrs. Jamerson's claim for failure to provide assistance is an action relating to an airline service and is therefore preempted.[1] In support of its motion, ASA relies primarily on *Hodges v. Delta Airlines,* 4 F.3d 350 (5th Cir.1993).[2] In particular, ASA urges the court to adopt the *Hodges* court's definition of "services" under § 1305. The *Hodges* court defined "services" as follows:

" 'Services' generally represent a bargained-for or anticipated provision of labor

from one party to another.... Elements of the air carrier service bargain include items such as ticketing, boarding procedures, provision of food and drink, and baggage handling, in addition to the transportation itself.

4 F.3d at 354. The court disagrees with ASA's argument and declines its invitation to adopt *Hodges'* definition of "services."

In *Hodges,* the Fifth Circuit, per Judge Jones, reluctantly held that a negligence claim based on an unsafe condition in an airplane was preempted by § 1305 of the ADA. *Id.* at 352 ("The panel believes this is the wrong result and urges *en banc* review."). The *Hodges* court was compelled to find preemption because it was bound by a previous unpublished Fifth Circuit opinion. *Id.* at 355 *(citing Baugh v. Trans World Airlines, Inc.,* 915 F.2d 693 (5th Cir.1990)). The opinion issued in *Hodges,* however, emphasized that Congress did not intend § 1305 to preempt all state tort claims for personal injury. 4 F.3d at 355. Following the release of the opinion, the Fifth Circuit has granted an en banc rehearing of the case[3], district courts within the Fifth Circuit have distinguished it[4] and district courts outside the Fifth Circuit have rejected its reasoning.[5]

---

**1.** The court notes that although ASA recognizes that Mrs. Jamerson has two distinct negligence claims, it advances no argument as to how her "failure to warn" claim is preempted as a "service." *See* Brief in Support of Summary Judgment, at 4–5.

**2.** ASA also cites *Smith v. America West Airlines,* 4 F.Supp. 356 (5th Cir.1993) and *O'Carroll v. American Airlines, Inc.,* 863 F.2d 11 (5th Cir.), *cert. denied,* 490 U.S. 1106, 109 S.Ct. 3158, 104 L.Ed.2d 1021 (1989).

At the outset, however, the court finds that *Smith* and *O'Carroll* are inapposite. In *Smith,* the passenger-plaintiffs claimed that defendants were negligent in allowing a hijacker to board the plane. 4 F.3d at 357. Although the court observed that the case involved claims that were more closely related to "airline services" than *Hodges* and *Baugh,* it affirmed the district court's finding that § 1305 preempted the claim, because "until the [Fifth Circuit en banc] modifies or overturns *Baugh* and *O'Carroll,* ..., speculation on the preemptive scope of § 1305 is moot." *Id.* at 358. *O'Carroll,* dealt with a claim for wrongful exclusion from a flight, essentially a contract action. Thus, ASA's reliance on it is

misplaced in the context of a negligence claim for personal injury.

**3.** *Hodges v. Delta Airlines,* 12 F.3d 426 (5th Cir. 1994).

**4.** *Bayne v. Adventure Tours USA, Inc.,* 841 F.Supp. 206, 209 (N.D.Tex.1994) (Texas Deceptive Trade Practices Act, breach of warranty, slander, severe emotional distress, and false imprisonment claims not preempted by § 1305); *Chouest v. American Airlines, Inc.,* 839 F.Supp. 412, 417 (E.D.La.1993) (personal injury claim based on ground transportation arranged by airline not preempted by § 1305); *Fenn v. American Airlines, Inc.,* 839 F.Supp. 1218, 1223–24 (S.D.Miss.1993) (false imprisonment claim not preempted by § 1305).

**5.** *Kay v. USAir, Inc.,* No. Civ. A. 93–4856, 1994 WL 406548 at *2 (E.D.Pa. July 28, 1994); *Sedigh v. Delta Airlines, Inc.,* 850 F.Supp. 197, 200–01 (E.D.N.Y.1994); *Stagl v. Delta Air Lines, Inc.,* 849 F.Supp. 179, 182 (E.D.N.Y.1994); *Curley v. American Airlines, Inc.,* 846 F.Supp. 280 (S.D.N.Y.1994); *Heller v. Delta Air Lines, Inc.,* No. 92 CIV 1937, 1993 WL 330093 (S.D.N.Y. Aug. 25, 1993); *Margolis v. United Airlines, Inc.,* 811 F.Supp. 318 (E.D.Mich.1993).

For example, in *Kay,* a case on all fours with the instant one, Judge Vanartsdalen denied defendants motion for summary judgment because he found that "nothing in the language or legislative history of § 1305(a)(1) suggests that Congress intended to preempt traditional state law claims for negligence against airlines." 1994 WL 406548 at *3.[6] In support of their motion, Defendants cited *Hodges, Smith,* and *Morales v. Trans World Airlines,* — U.S. —, 112 S.Ct. 2031, 119 L.Ed.2d 157 (1992).[7] Judge Vanartsdalen began his opinion by pointing out that in both *Hodges* and *Smith,* the respective Fifth Circuit panels, although acknowledging they were bound by *Baugh,* had criticized its holding and that *Hodges* was undergoing en banc review.

Next, he determined that the legislative history of the ADA reveals that Congress did not intend to preempt state law claims for negligence against airlines. *Kay,* 1994 WL 406548 at *3 (citations omitted). He recognized that to hold that § 1305(a)(1) preempts a state law claim of negligence would be to leave plaintiff without remedy, because the statute provides no private cause of action. *Id.* ("It is inconceivable that Congress would have intended section 1305(a)(1) of the ADA to act as a grant of total immunity to the airlines from any and all service-related negligence.").

As Justice Scalia pointed out in *Morales,* the ADA was enacted to foster "maximum reliance on competitive market forces [which] would best further efficiency, innovation, and low prices as well as variety [and] quality of air transportation services." — U.S. at —, 112 S.Ct. at 2034 (citations and internal quotation marks omitted). The motive underlying § 1305(a)(1) is "[t]o ensure that the States would not undo federal deregulation with regulation of their own,...." *Id.* (internal quotation marks omitted). Thus, Judge Vanartsdalen concluded that the legislative history of the statute "indicates that Congress sought to prevent the States from mandating that air carriers provide certain services, and from prescribing aspects of service: e.g., the number and duties of flight attendants on a given flight, the number and placement of seats in the aircraft, the type of meal service offered, etc. Clearly, this is an entirely different thing than prohibiting suits when a service is rendered negligently and injury results." *Id.*[8]

In *Margolis,* a passenger claimed that she sustained injuries on a United Airlines flight when a luggage carrier fell from an overhead bin and struck her on the head. 811 F.Supp. at 319. United Airlines argued that the state law claims underlying the passenger's negligence action were expressly preempted by § 1305(a)(1). After an extensive discussion

**6.** The plaintiff in *Kay* alleged that he was weakened by abdominal surgery, that he requested help in carrying his garment bag and briefcase while deplaning, that the flight attendant refused, that he fell down the pull-up steps of the aircraft when his abdomen gave out, and that he was seriously injured as a result of the fall. Defendants moved for summary judgment and argued that plaintiff's claims were preempted by § 1305(a)(1).

**7.** In *Morales,* the Court held that § 1305(a)(1) preempted an attempt by state Attorneys General to regulate the advertisement of airfares. The court employed a broad meaning of the phrase "related to" in reaching the conclusion that an attempt to regulate advertisements would ultimately affect fares, and was therefore impermissible under the ADA. However, toward the end of the opinion, Justice Scalia noted that the "decision does not give airlines carte blanche to lie and deceive consumers" because the Department of transportation retained the power to regulate airfare advertising. *Morales,* — U.S. at —, 112 S.Ct. at 2040.

**8.** *See Hodges,* 4 F.3d at 354 ("The [Civil Aeronautics Board's] statements implementing the ADA strongly support our view that the ADA was concerned solely with economic not safety deregulation.").

The *Hodges* court also noted that the conclusion that Congress did not intend § 1305 to preempt all state tort claims for personal injury is bolstered by the continued existence of the preemption savings clause. *Id.* at 355. Section 1506 of the Federal Aviation Act of 1958, 49 U.S.C.App. § 1301 *et seq.*, provides that "[n]othing ... in this chapter shall in any way abridge or alter the remedies now existing at common law or by statute, but the provisions of this chapter are in addition to such remedies." "After the passage of the ADA, the preemptive reach of section 1305(a) has curtailed the saving power of section 1506, but since Congress left that section intact, we cannot assume that Congress meant completely to undermine the saving clause." *Hodges,* 4 F.3d at 355 (footnote omitted).

of history of airline deregulation and considering both the implications of *Morales* and the pre-*Morales* case law, Judge Edmunds concluded that "Congress has expressed no intent to preempt traditional state law claims for negligence" and that "preemption under section 1305 was not intended to be an insurance policy for air carriers against their own negligence." *Margolis,* 811 F.Supp. at 323–24. Moreover, he pointed out that the "failure of Congress to provide for a private right of action distinguishes the [ADA] from other areas of complete federal preemption." *Id.* at 324.[9]

To date, the Eleventh Circuit has not addressed the issue of whether or not § 1305(a)(1) preempts common law tort actions for physical injuries against airlines. The court finds, however, that *Kay* and *Margolis* are well-reasoned and believes that the Eleventh Circuit would adopt their holdings. Moreover, the court recognizes that the great weight of authority is against a finding of preemption. *See supra,* nn. 7–8.

Thus, the court holds that § 1305(a)(1) does not preempt state law personal injury claims for negligence against airlines. Accordingly, the court finds that ASA's motion for summary judgment on Mrs. Jamerson's negligence claims is due to be denied.

### B. Miscellaneous

ASA also moved for summary judgment on Mrs. Jamerson's Alabama Extended Manufacturer's Liability Doctrine ("AEMLD"), breach of express and implied warranties, and loss of consortium claims. Since those claims were dismissed by the plaintiff at pretrial, the motion as to them is due to be denied as moot.

9. A thorough reading of *Hodges* reveals that it is in accord with both *Kay* 's and *Margolis* ' interpretation of the ADA.

> [N]either the ADA nor its legislative history indicates that Congress intended to preempt the application of general tort law to personal physical injury inflicted by an airline while providing its services, or that Congress even considered such preemption. This silence

## CONCLUSION

For the foregoing reasons, it is hereby ORDERED that:

(1) ASA's motion for summary judgment on Mrs. Jamerson's negligence claims is DENIED;

(2) ASA's motion for summary judgment on Mrs. Jamerson's AEMLD, breach of warranties, and loss of consortium claims is DENIED as moot.

takes on added significance in light of Congress's failure to provide any federal remedy for persons injured by such conduct. It is difficult to believe that Congress would, without comment, remove all means of judicial recourse for those injured by illegal conduct. *Hodges,* 4 F.3d at 354 (footnotes and internal quotation marks omitted).