Harry G. **BAYNE** and Patricia H. Bayne, Plaintiffs,

v.

**ADVENTURE TOURS USA, INC.** and **Express One International, Inc.,** Defendants.

Civ. No. 3:93–CV–2400–H.

United States District Court, N.D. Texas, Dallas Division.

Jan. 13, 1994.

Larry R. Boyd, Wesner Coke Boyd & Clymer, Dallas, TX, for plaintiffs.

David T. Moran, Jackson & Walker, Dallas, TX, for defendants.

## ORDER

SANDERS, Chief Judge.

Before the Court are Defendants' Motion to Dismiss and Brief in Support Thereof, filed December 10, 1993; Plaintiffs' Response to Defendants' Motion to Dismiss and Motion to Remand and Brief, filed December 30, 1993; and Defendants' Reply to Plaintiffs' Response to Defendants' Motion to Dismiss and Response to Plaintiffs' Motion to Remand, filed January 10, 1994.

## I. BACKGROUND

On March 12, 1993, Plaintiffs Harry G. Bayne and Patricia H. Bayne purchased a tour package through Defendant Adventure Tours U.S.A., Inc. ("Adventure Tours") that included round-trip transportation provided by Defendant Express One International, Inc. ("Express One") from the Dallas–Fort Worth Airport to Reno, Nevada. On March 15, 1993, Plaintiffs and their two children flew from Reno to the Dallas–Fort Worth Airport on the return flight of the tour package. On that flight, Plaintiffs allege that Express One employees ignored Harry Bayne's complaints about a disruptive passenger. Upon landing, Plaintiffs allege, the captain of the Express One aircraft made misrepresentations to the Dallas–Fort Worth Police that caused Harry Bayne to be taken into police custody, detained, and subjected to a luggage search. See Original Petition at 2–4.

On October 28, 1993, Plaintiffs filed their Original Petition in the 298th Judicial District Court of Dallas County, Texas, as Cause No. 93–11332. Plaintiffs asserted state law claims against Defendants for alleged violations of the Texas Deceptive Trade Practices Act, breach of warranty, slander, severe emotional distress, and false imprisonment. See Original Petition.

Defendants removed the case to this Court pursuant to 28 U.S.C. § 1441, on the basis of federal preemption of Plaintiffs' state law claims. According to Defendants' Notice of Removal, filed December 2, 1993, the provisions of 49 U.S.C.A.App. § 1305(a) expressly preempt claims made in Plaintiffs' Original Petition. Defendants maintain that this Court has federal question jurisdiction over the preempted claims under 28 U.S.C. § 1331 and supplemental jurisdiction over any non-preempted claims under 28 U.S.C. § 1367. See Notice of Removal at 2.

## II. ANALYSIS

The Supreme Court recognized the broad preemption of state law claims authorized by § 1305 of the Airline Deregulation Act of 1978, 49 U.S.C.A.App. §§ 1301 et seq., in *Morales v. Trans World Airlines, Inc.,* —— U.S. ——, 112 S.Ct. 2031, 119 L.Ed.2d 157 (1992). At the same time, the Court in *Morales* acknowledged that " '[s]ome state actions may affect [airline services] in too tenuous, remote, or peripheral a manner' to have preemptive effect." *Morales,* —— U.S. at ——, 112 S.Ct. at 2040 (quoting *Shaw v. Delta Airlines, Inc.,* 463 U.S. 85, 100 n. 21, 103 S.Ct. 2890, 2901, n. 21, 77 L.Ed.2d 490 (1983)).

A Fifth Circuit panel has recently addressed the question of whether § 1305 of the Airline Deregulation Act of 1978 preempts a tort claim for physical injury based on an unsafe condition in an airplane. In *Hodges v. Delta Airlines, Inc.,* 4 F.3d 350 (5th Cir.1993), *reh'g en banc granted* (January 12, 1994), the plaintiff charged that the defendant airline's negligence was responsi-

ble for the injury, pain, and medical expenses she suffered after a box containing bottles of rum fell from the overhead compartment and lacerated her arm during a flight. The *Hodges* panel clarified that, "[w]hile under *Morales* the scope of state laws that 'relate to' services must be broadly interpreted, the nature of the 'services' preempted by § 1305(a) is more narrow than might at first be supposed." *Hodges*, 4 F.3d at 353. Only "[e]lements of the air carrier service bargain" such as "ticketing, boarding procedures, provision of food and drink, and baggage handling, in addition to the transportation itself" qualify as "services" warranting broad protection from state regulation under § 1305. *Hodges*, 4 F.3d at 354. The *Hodges* opinion cogently explained why § 1305 should not be interpreted to preempt all common law torts and negligence causes of action, particularly not those tort claims with negligible impact on the economic deregulation of the airline industry. *Hodges*, 4 F.3d at 353–56. The court observed that personal injury claims like the one presented in *Hodges* do not relate to airline services, as properly understood. *Hodges*, 4 F.3d at 356. The panel asserted that, "insofar as state law or regulation imposes liability on airlines for breaching tort duties related to the safety of persons, it should not be preempted by § 1305(a)." *Hodges*, 4 F.3d at 354 (citation omitted).

Ultimately, however, the *Hodges* panel found itself bound by a previous unpublished Fifth Circuit opinion, *Baugh v. Trans World Airlines, Inc.,* 915 F.2d 693 (5th Cir.1990) (holding that § 1305 preempted passenger's claim of common law negligence for injury allegedly caused by flight attendant). Extremely critical of the outcome dictated by *Baugh,* the *Hodges* panel called for *en banc* review. *Hodges*, 4 F.3d at 356. Now that *en banc* reconsideration of *Hodges* has been granted, the Fifth Circuit's intention to reexamine the scope of § 1305 preemption appears manifest.

Two United States District Courts in the Fifth Circuit have recently decided that the preemptive scope of § 1305 did not extend to the state law tort claims raised in the cases before them. In *Fenn v. American Airlines,*

*Inc.,* 839 F.Supp. 1218 (S.D.Miss.1993), the plaintiff sued the airline for false imprisonment and slander after airline employees allegedly detained him and publicly accused him of having stolen a fellow passenger's ring while he was administering medical care to her during a flight. The *Fenn* court found the analysis of the *Hodges* panel persuasive. *Fenn*, 839 F.Supp. at 1223 n. 9. The court acknowledged that the facts before it did not involve safety, unlike the facts in *Hodges;* still, the court noted that neither the detention nor the alleged accusation had any bearing on the airline's services, as defined by the *Hodges* panel. The court explained that *Fenn's* state tort law claims were "far too insignificantly 'related to' any possible service" performed by American's employees "to justify preemption." *Fenn*, 839 F.Supp. at 1223. The *Fenn* court denied the airline's motion to dismiss and remanded the case to the state court for lack of subject matter jurisdiction. *Fenn*, 839 F.Supp. at 1224.

In *Chouest v. American Airlines, Inc.,* 839 F.Supp. 412 (E.D.La.1993), the plaintiffs, a married couple, brought claims against the airline and others based upon injuries allegedly sustained by one spouse when the door of a tour bus closed on his arm in Germany during ground transport provided in conjunction with an American Airlines tour package. The court in *Chouest* found that bus transportation did not relate to the air carrier's services for the purposes of § 1305 preemption. Thus, the court denied the motion to dismiss and remanded the case to the state court for lack of subject matter jurisdiction. *Chouest*, 839 F.Supp. at 415–18.

A few courts, interpreting § 1305 preemption more broadly, have allowed federal preemption of similar state law claims only to dismiss them for lack of a private right of action under the federal statute. *See, e.g., Lawal v. British Airways, PLC,* 812 F.Supp. 713 (S.D.Tex.1992). The Court declines to follow this practice and instead applies the reasoning of the cases analyzed above. *See also Wolens v. American Airlines, Inc.,* 1993 WL 518593, 157 Ill.2d 466, 193 Ill.Dec. 172, 626 N.E.2d 205 (Ill.1993) (holding that chal-

lenge to airline's frequent flyer program, alleging breach of contract and violation of Consumer Fraud Act, did not relate to rates, routes, or services and was not preempted by § 1305). In the instant case, Plaintiffs assert claims against Express One and Adventure Tours that do not "relate to" the air carrier's "services," for the purposes of § 1305 preemption. Neither Express One nor Adventure Tours can transform the state law claims they face into federal claims and seek dismissal. Plaintiffs' claims against both Defendants are properly addressed in state court, where they were first filed.

## III. CONCLUSION

The Court concludes that Plaintiffs' claims against Defendants are not preempted by § 1305 of the Airline Deregulation Act of 1978. Therefore, Defendants' Motion to Dismiss is **DENIED,** and Plaintiffs' Motion to Remand is **GRANTED.** Pursuant to 28 U.S.C. § 1447(c), this case is **REMANDED** for lack of subject matter jurisdiction to the 298th Judicial District Court of Dallas County, Texas.

SO ORDERED.