**Jan ROWLEY, Plaintiff,**

v.

**AMERICAN AIRLINES, Defendant.**

**Civ. No. 94–433–FR.**

United States District Court,
D. Oregon.

Jan. 31, 1995.

Darcy Norville, Portland, OR, Douglas L. Parker, Laura Rovner, Washington, DC, for plaintiff.

Steven O. Rosen, Jeffrey L. Roelofs, Miller, Nash, Wiener, Hager & Carlsen, Portland, OR, for defendant.

## OPINION

FRYE, Judge:

The matter before the court is the motion of the defendant, American Airlines, to dismiss (# 33–1), for judgment on the pleadings (# 33–2), and for summary judgment (# 33–3).

Rowley alleges claims under (1) the federal Air Carrier Access Act of 1986 (ACAA), 49 App. U.S.C.A. § 1374; (2) the tort law of the State of Oregon for the intentional and negli-

gent infliction of severe emotional distress; and (3) the tort law of the State of Texas for the intentional infliction of severe emotional distress. She claims damages in excess of $500,000.

## ALLEGED FACTS

In her complaint, the plaintiff, Jan Rowley, alleges that she is a person whose mobility is impaired; that she was a passenger of the defendant, American Airlines, on two flights between Portland, Oregon and Dallas, Texas; that American Airlines failed to provide her with an aisle chair (a special wheelchair that can be rolled down the aisle of an airplane); that she was not assisted to or from her seat; that her seat did not have a movable armrest; and that she was left unattended at a baggage claim area for more than an hour in a chair from which she was not independently mobile.

## CONTENTIONS OF THE PARTIES

American Airlines moves to dismiss Rowley's claims for the intentional and negligent infliction of severe emotional distress under the laws of the States of Oregon and Texas on the ground that section 1305(a)(1) of the Airline Deregulation Act of 1978 (ADA), 49 App. U.S.C.A. § 1301 et seq., which amended the Federal Aviation Act, 49 App. U.S.C.A. § 1551(a)(2)(B), expressly preempts tort law claims under state laws that relate to the services provided by airlines. In the alternative, American Airlines argues that the ACAA, and the rules and regulations promulgated under it, have impliedly preempted such claims. American Airlines also moves for judgment on the pleadings with regard to Rowley's claim for injunctive relief under federal law on the ground that the federal Department of Transportation has primary jurisdiction over claims for injunctive relief that relate to the airlines industry. Finally, American Airlines contends that it is entitled to summary judgment on Rowley's claim under 14 C.F.R. § 382.41 on the ground that it has compensated Rowley for the damage to her motorized scooter.[1]

---

1. American Airlines has withdrawn its motion for summary judgment with regard to Rowley's

claim under 14 C.F.R. § 382.39(a)(3). See Defendant's Reply Memorandum in Support of De-

Rowley contends that section 1305 of the ADA does not preempt her claims for the intentional and negligent infliction of severe emotional distress under the laws of the States of Oregon and Texas because her claims only tenuously relate to airline services. Rowley also maintains that the ACAA and the rules and regulations promulgated under it cannot be interpreted as impliedly preempting her claims for the intentional and negligent infliction of severe emotional distress because of the express preemption clause of the ADA. Rowley contends that the doctrine of implied preemption is inapplicable when an express preemption clause exists. With regard to the affirmative defense of American Airlines that the Department of Transportation has primary jurisdiction over her claim for injunctive relief, Rowley contends that American Airlines has waived that defense by not raising it in its answer. Rowley also contends that the doctrine of primary jurisdiction is inapposite because the Department of Transportation has already promulgated rules and regulations under the ACAA. Finally, Rowley opposes the motion of American Airlines for summary judgment on her claim under 14 C.F.R. § 382.43(a). She contends that her allegation that American Airlines failed to promptly reassemble and return her motorized scooter states a claim for relief under 14 C.F.R. § 382.43(a) for damages in addition to the damage to the motor scooter itself. Accordingly, she argues that American Airlines is not entitled to summary judgment on her claim under 14 C.F.R. § 382.43(a).

## APPLICABLE STANDARD

■ A motion to dismiss under Rule 12(b)(6) will only be granted if "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Gibson v. United States*, 781 F.2d 1334, 1337 (9th Cir.1986), *cert. denied*, 479 U.S. 1054, 107 S.Ct. 928, 93 L.Ed.2d 979 (1987). The review is limited to the complaint, and all allegations of material fact are taken as true and viewed in the light most favorable to the non-moving party.

fendant's Motion to Dismiss, for Judgment on the

*Cassettari v. Nevada County, Cal.*, 824 F.2d 735, 737 (9th Cir.1987).

## ANALYSIS AND RULING

American Airlines moves to dismiss Rowley's claims under the laws of the States of Oregon and Texas for severe emotional distress on the grounds that they are preempted by section 1305(a)(1) of the ADA. Section 1305(a)(1) of the ADA provides that "no State or political subdivision thereof ... shall enact or enforce any law, rule, regulation, standard, or other provision having the force and effect of law relating to ... services of any air carrier having authority under subchapter IV of this chapter to provide air transportation." 49 App. U.S.C.A. § 1305(a)(1). In a recent decision, the United States Supreme Court interpreted the preemptive effect of section 1305 broadly, stating: "For purposes of the present case, the key phrase, obviously, is 'relating to.' The ordinary meaning of these words is a broad one ... and the words thus express a broad pre-emptive purpose." *Morales v. Trans World Airlines, Inc.*, 504 U.S. 374, ——, 112 S.Ct. 2031, 2037, 119 L.Ed.2d 157 (1992). However, the Supreme Court also recognized that some state laws may affect airline services in too tenuous a manner to be preempted. *Id.* at ——, 112 S.Ct. at 2040.

■ In *Morales*, the Supreme Court held that guidelines which purported to explain the application of state laws to air fare advertising, and which addressed specifically the practice of deceptive advertising, were preempted by section 1305 because: "All in all, the obligations imposed by the guidelines would have a significant impact upon the airlines' ability to market their product, and hence a significant impact upon the fares they charge." 504 U.S. at ——, 112 S.Ct. at 2040. The Supreme Court, however, emphasized that section 1305 did not necessarily preempt state law claims which affect the services of airlines. Only state laws which may have a *significant impact* on the ability of airlines to administer services are preempted.

Pleadings, and for Summary Judgment, p. 8.

Recently, the United States Court of Appeals for the Ninth Circuit applied the "significant impact" test announced in *Morales* in deciding *West v. Northwest Airlines, Inc.*, 995 F.2d 148 (9th Cir.1993). In that case, the plaintiff, an airline ticket holder, sued the airline for breach of the covenant of good faith and fair dealing after he was denied a seat on an overbooked flight. The Court of Appeals said:

> We believe that the state contract and tort laws under which [the plaintiff] seeks relief are within that range of statutes too tenuously connected to airline regulation to trigger preemption under the ADA, what the *Morales* court called "borderline questions." *Morales,* however, does not provide much guidance to courts which must decide which state laws fall into this category and which do not.

*Id.* at 151. The court, however, held that the plaintiff's claims for punitive damages were preempted, reasoning:

> [The plaintiff]'s right to pursue *punitive* damages in his state claims, however, must be limited. Since punitive damages by their very nature seek to punish the entity against whom they are awarded, such damages awarded in response to bumping resulting from airline overbooking would be contrary to the goals of deregulation. Overbooking and bumping are accepted forms of price competition and reduction in the deregulation period, thus any law or regulation which results in penalizing airlines for these practices is preempted by the FAA.

*Id.* at 152 (emphasis in original). Although the *West* court relied on its interpretation of agency regulations in order to determine that the plaintiff's state law tort claims for compensatory damages for overbooking were not preempted, its reasoning is nonetheless persuasive to this court. If to allow the tort claims advanced by Rowley under the laws of the States of Oregon and Texas would contravene the goals of deregulation or penalize airlines for practices which are accepted forms of price competition and reduction, they are preempted by section 1305 of the ADA. However, if Rowley's state law tort claims do not have a significant impact on the ability of an airline to administer services, the state law tort claims relate too tenuously to airline services to be preempted under section 1305.

Rowley's state law tort claims include claims under the laws of the States of Oregon and Texas for the intentional infliction of severe emotional distress and under the laws of the State of Oregon for the negligent infliction of severe emotional distress. In order to determine whether these state law tort claims relate to the services of an airline, it is necessary to consider the elements of each claim and the facts alleged. Under Oregon law, in order to state a claim for the intentional infliction of severe emotional distress, a plaintiff must allege that (1) the defendant intended to inflict severe mental or emotional distress (it is not enough to show that the defendant intentionally acted in a manner which caused severe emotional distress); (2) the defendant's actions must have in fact caused severe mental or emotional distress; and (3) the defendant's actions must have transgressed the bounds of socially tolerable conduct or must have exceeded any reasonable limit of social toleration. *Patton v. J.C. Penney Co.,* 301 Or. 117, 122, 719 P.2d 854 (1986). The elements of a claim for the intentional infliction of severe emotional distress under the laws of the State of Texas are very similar: (1) the defendant must have acted intentionally or recklessly; (2) the conduct must have been extreme and outrageous; (3) the actions of the defendant must have caused the plaintiff emotional distress; and (4) the emotional distress suffered by the plaintiff must have been severe. *Boyles v. Kerr,* 855 S.W.2d 593 (Tex.1993).

Under the laws of the State of Oregon, a plaintiff may recover for the infliction of severe emotional distress when "the defendant's conduct infringed on some legally protected interest apart from causing the claimed distress, even when that conduct was only negligent." *Hammond v. Central Lane Communications Ctr.,* 312 Or. 17, 23, 816 P.2d 593 (1991).

The court concludes that Rowley's state law tort claims relate too tenuously to

airline services to be preempted by section 1305(a)(1) of the ADA. The tort claims alleged by Rowley do not impact any general practice of American Airlines relating to the boarding, seating or deplaning of passengers, handicapped or otherwise, on airline flights. Although the allegations of Rowley in support of her claims involve her boarding and deplaning and her accommodation as a person with a disability, her tort claims are not "related to" airline services as defined by the *Morales* court. In addition, American Airlines has not presented evidence that recognition of Rowley's claims will contravene the purpose of the ADA to promote competitive market forces. *See* 49 App. U.S.C.A. § 1302(a)(4), (a)(9).

■ The *Morales* court held that only laws having a significant impact on the ability of an airline to administer services are subject to preemption. A claim under state law for compensatory damages for the intentional or negligent infliction of severe emotional distress upon a passenger while providing airline services to that passenger does not trigger the preemptive effect of section 1305(a)(1). *Cf. Hingson v. Pacific Southwest Airlines,* 743 F.2d 1408 (9th Cir.1984) (holding that section 1305 does not preempt claims for the intentional infliction of severe emotional distress before the Supreme Court's decision in *Morales* ); and *Hodges v. Delta Airlines, Inc.,* 4 F.3d 350, 354 (5th Cir.1993) ("[N]either the ADA nor its legislative history indicates that Congress intended to preempt the application of general tort law to personal physical injury inflicted by an airline while providing its services...."), *reh'g en banc granted,* 12 F.3d 426 (1994); *see also West v. Northwest Airlines, Inc.,* 995 F.2d 148 (9th Cir.1993); and *Bayne v. Adventure Tours USA, Inc.,* 841 F.Supp. 206 (N.D.Tex. 1994). To allow a state law tort claim for the intentional or negligent infliction of severe emotional distress will not have a direct or significant impact on the ability of an airline to administer services.

■ Next, American Airlines argues that Rowley's state law tort claims for severe emotional distress are impliedly preempted by the ACAA. American Airlines contends that the detail and pervasiveness of the ACAA and its implementing regulations imply that Congress intended to preempt any state law tort claims arising from an airline's conduct toward handicapped persons while awaiting flights or while boarding or deplaning aircraft. However, the doctrine of implied preemption is inapplicable to the facts of this case because section 1305(a)(1) is a preemption clause that expressly applies to the ACAA.[2] "Congress' enactment of a provision defining the pre-emptive reach of a statute implies that matters beyond that reach are not pre-empted." *Cipollone v. Liggett Group, Inc.,* —— U.S. ——, ——, 112 S.Ct. 2608, 2618, 120 L.Ed.2d 407 (1992). The court has heretofore concluded that section 1305 does not preempt Rowley's state law tort claims for the intentional or negligent infliction of severe emotional distress. Accordingly, the motion of American Airlines to dismiss Rowley's claims for the intentional or negligent infliction of severe emotional distress under the laws of the States of Oregon and Texas on the ground of federal preemption is denied.

American Airlines moves this court to dismiss Rowley's claim for injunctive relief under the ACAA because the Department of Transportation has primary jurisdiction over such claims. Rowley first argues that American Airlines waived this defense by not raising it in its answer. The court granted American Airlines leave to amend its answer on October 31, 1994, and American Airlines filed its amended answer on November 2, 1994. Accordingly, the court will address this defense.

In *Transway Corp. v. Hawaiian Express Serv., Inc.,* 679 F.2d 1328 (9th Cir.1982), the United States Court of Appeals for the Ninth Circuit explained:

The doctrine of primary jurisdiction "is concerned with promoting proper relation-

**2.** The defendants argue that the ACAA does not contain an express preemption clause. However, the ACAA was enacted as part of Subchapter IV—Air Carrier Economic Regulation of Chapter 20—Federal Aviation Program of Title 49 of the United States Code. Section 1305, the preemption clause, was enacted as part of Subchapter I—General Provisions of Chapter 20 of Title 49 of the United States Code. Accordingly, section 1305 applies to the ACAA.

ships between the courts and administrative agencies charged with particular regulatory duties." It "comes into play whenever [judicial] enforcement of the claim requires the resolution of issues which ... have been placed within the special competence of an administrative body." In deciding whether to apply the doctrine in a particular case, courts should be guided by two principles: the importance of uniformity of regulation and the need for specialized knowledge.

We hold that no purpose would be served by invoking the doctrine of primary jurisdiction in this case. By promulgating and periodically revising a general rule, the Commission has applied its special expertise to the problem of terminal areas and has insured uniformity in the regulation of terminal area services. The district court's application of the general rule to the facts of this case was a mechanical act, requiring no special administrative expertise.

*Id.* at 1332 (citations omitted).

■ Here, the doctrine of primary jurisdiction is inapposite because the Department of Transportation has promulgated regulations regarding the non-discriminatory accommodation of handicapped individuals. *See* 14 C.F.R. § 382.1 *et seq.* Accordingly, this court may determine whether American Airlines has complied with those regulations and, if not, whether injunctive relief would be an appropriate remedy. The motion of American Airlines to dismiss Rowley's claim for injunctive relief is denied.

■ Finally, American Airlines moves for summary judgment on Rowley's claim under 14 C.F.R. § 382.43(a) on the ground that it has compensated Rowley for the damage to her scooter. 14 C.F.R. § 382.43(a) provides: "When wheelchairs or other assistive devices are disassembled by the carrier for stowage, the carrier shall reassemble them and ensure their prompt return to the handicapped passenger. Wheelchairs and other assistive devices shall be returned to the passenger in the condition received by the carrier." At her deposition, Rowley said that American Airlines did not reassemble or return her scooter promptly. American Airlines' motion

for summary judgment does not address these factual allegations. Accordingly, the motion of American Airlines for summary judgment on Rowley's claim under 14 C.F.R. § 382.43(a) is denied.

## CONCLUSION

The motion of American Airlines to dismiss (# 33–1), for judgment on the pleadings (# 33–2), and for summary judgment (# 33–3) is denied.