**Jack J. MOORE, Jr., Plaintiff,**

v.

**NORTHWEST AIRLINES, INC., Defendant.**

No. 2–93CV–025.

United States District Court,
E.D. Texas,
Marshall Division.

July 19, 1995.

Nichols & Nichols, Rex A. Nichols and Rex A. Nichols, Jr., Longview, TX, for plaintiff.

Jackson & Walker, David T. Moran, Colin P. Cahoon, Dallas, TX, for defendant.

## ORDER

FOLSOM, District Judge.

CAME ON TO BE HEARD THIS DAY Defendant's Motion for Summary Judgment. This Court, after reviewing the motion, responses, replies, and pleadings on file, is of the opinion that the motion is not well taken and should be DENIED.

## BACKGROUND

Upon deplaning a Northwest Airlines, Inc. ("Northwest") flight at Dallas–Fort Worth International Airport from Detroit, the Plaintiff overturned backwards in his wheelchair in the jetbridge while exiting the plane. The Plaintiff seeks damages for his personal injuries from Northwest alleging that Northwest was negligent in failing to provide the Plaintiff with services and personnel which would assure the Plaintiff's safety in deplaning, and that such negligence amounted to gross negligence.

In addition to his negligence claim, the Plaintiff originally claimed Northwest was liable for violations of 49 U.S.C.App. § 1374(a)(1) and 49 U.S.C. § 401 et seq. Northwest filed a motion for partial summary judgment on all claims. By Order dated February 23, 1994, this Court granted portions of the motion, dismissing the Plaintiff's claims under 49 U.S.C.App. § 1374(a)(1) and 49 U.S.C. § 401. This Court deferred ruling on the Plaintiff's state law negligence claim pending the en banc ruling of the Fifth Circuit in *Hodges v. Delta Airlines, Inc.,* 4 F.3d 350 (5th Cir.1993), *vacated* 12 F.3d 426 (5th Cir.1995). In light of the recent issuance of the *Hodges en banc* decision, the Court now considers Northwest's motion for summary judgment based on Northwest's claim that the state law negligence claim is preempted by the Federal Aviation Act, 49 U.S.C.App. § 1301, *et seq.* and the Air Carrier Access Act, 49 U.S.C.App. § 1374(c)(1).

## DISCUSSION

A. *Federal Aviation Act ("FAA")*

The Federal Aviation Act, 49 U.S.C.App. § 1305(a)(1), expressly preempts the states from enforcing any law relating to "rates, routes or services" of any air carrier by providing the following:

> [N]o state ... shall enact or enforce any law, rule, regulation, standard, or other provision having the force and effect of law relating to rates, routes or services of any air carrier having authority under [Title] IV of this [Act] to provide air transportation.

49 U.S.C.App. § 1305(a)(1).

The issue before the Court is whether this express preemption section of the FAA preempts a state law claim for negligence and gross negligence relating to Northwest's alleged negligence in failing to provide the Plaintiff with services and personnel which would assure the Plaintiff's safety in deplaning. Applying the Fifth Circuit's analysis in *Hodges, supra* to the facts of this case leads this Court to conclude that the Plaintiff's claims are not preempted.

The Plaintiff's claims are for breach of safety-related tort duties in failing to provide the Plaintiff with services and personnel which would assure the Plaintiff's safety in deplaning. The court in *Hodges* satisfied itself that Congress, in enacting the preemption provision as part of the Airline Deregulation Act in 1978, was concerned solely with economic deregulation and not with displacing state tort law. In further support of this

conclusion, the court looked to that section of the FAA which requires air carriers to maintain insurance or self-insurance that covers amounts for personal injury damages resulting from the operation or maintenance of aircraft. *See* 49 U.S.C.App. § 1371(q).

■ While the Fifth Circuit in *Hodges* makes clear that not all state tort claims enjoy immunity from preemption, the court noted that "the enforcement of tort remedies for personal physical injury ordinarily has no 'express reference' to services nor will it have 'the forbidden effect' on airline's services." *Hodges, supra* at 339 *citing Morales v. Trans World Airlines, Inc.,* 504 U.S. 374, 388, 112 S.Ct. 2031, 2039, 119 L.Ed.2d 157 (1992). "State tort laws concerning the operation and maintenance of aircraft can be enforced consistently with and distinctly from the services that Congress deregulated." *Hodges, supra* at 339.

The court defined "services" to include "[e]lements of the air carrier service bargain includ[ing] items such as ticketing, boarding procedures, provision of food and drink, baggage handling, in addition to the transportation itself." *Hodges, supra* at 336. It is the court's reference to "boarding procedures" that Northwest relies, contending that the Plaintiff's claim that Northwest's boarding procedures were insufficient under state tort law is a claim that directly challenges Northwest's "services." This contention is not persuasive.

■ In a companion case to *Hodges,* the Fifth Circuit interpreted the "service" of boarding as contemplated by the preemption provision of the Act. In *Smith v. America West Airlines, Inc.,* 44 F.3d 344 (5th Cir. 1995), the Fifth Circuit reversed the dismissal of a negligence claim that the district court held was preempted by the Airline Deregulation Act. The Plaintiffs were passengers who filed suit against the airline alleging the airline was negligent for permitting a visibly deranged hijacker to board the aircraft.

On appeal, the court concluded that the plaintiffs' claims did not "relate to" "services" within the scope of the express preemption provision § 1305(a)(1). The court noted that "it is reasonable to interpret the 'service' of boarding to be limited to *economic* decisions concerning boarding, e.g. overcooking or charter arrangements, and contractual decisions whether to board particular ticketed passengers." *Smith, supra* at 346–47 (emphasis added). The court distinguished the plaintiffs' claim for negligence from those having to do with an airlines' economic practices regarding boarding or with boarding practices. The court reasoned that if the plaintiffs ultimately recovered damages, the judgment would not regulate the economic or contractual aspects of boarding. *Smith, supra* at 347.

The facts of the case before this Court do not warrant preemption. The services complained of by the Plaintiffs are "services," however, the services are not "boarding practices in their economic or contractual dimension," which is what is contemplated by § 1305(a)(1).

## B. *AIR CARRIER ACCESS ACT ("ACAA")*

■ Northwest contends that the Plaintiff's state law negligence claim is preempted by the ACAA, 49 U.S.C.App. § 1374(c), which provides:

(1) No air carrier may discriminate against any otherwise qualified handicapped individual, by reason of such handicap, in the provision of air transportation. (2) For the purposes of paragraph (1) of this subsection the term "handicapped individual" means any individual who has a physical or mental impairment that substantially limits one or more major life activities, has a record of such an impairment, or is regarded as having such an impairment.

The ACAA was enacted as part of Subchapter IV–Air Carrier Economic Regulation of Chapter 20–Federal Aviation Program of Title 49 of the United States Code. Section 1305, the preemption clause discussed previously, was enacted as part of Subchapter I– General provisions of Chapter 20 of Title 49 of the United States Code. Thus, the express preemption provision of the FAA expressly applies to the ACAA. *See Rowley v. American Airlines,* 875 F.Supp. 708 (D.Or. 1995).

The Court has previously concluded that § 1305(a)(1) does not preempt the Plaintiff's state law tort claims. Accordingly, the Court finds that the Plaintiff's state law tort claims are not preempted by the ACAA, and the defendant's motion for summary judgment is DENIED.

IT IS THEREFORE ORDERED that Defendant's Motion for Summary Judgment regarding the Plaintiff's state law claims is hereby DENIED.