**Donna COSTA, Plaintiff,**

v.

**AMERICAN AIRLINES, INC., Does 1 through 100, Roe Corporation and Doe Corporation, inclusive, Defendants.**

**No. SA CV 94–660 GLT.**

United States District Court,
C.D. California,
Southern Division.

July 26, 1995.

238

Barry L. Allen, Portigal, Hammerton & Allen, Santa Ana, CA, for plaintiff, Donna Costa.

Jeffrey A. Worthe, John R. Hanson, Chase, Rotchford, Drukker & Bogust, A Law Corporation, Santa Ana, CA, for defendant, American Airlines, Inc.

## ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

TAYLOR, District Judge.

This case considers whether, under the Ninth Circuit's recent *Harris* opinion, an airline passenger's state law bodily injury claim is preempted by the Airline Deregulation Act.

Donna Costa sued American Airlines under California tort law for injuries she sustained when another unidentified passenger opened an overhead bin, causing a bag to fall on her as she sat in an aisle seat. Costa alleged American violated its duty of care as a common carrier in several respects, including failure of its flight attendants to stop or identify the other passenger, American's routine destruction of the passenger list shortly after the flight, and the airline's refusal to honor Costa's request for a window seat.

American contends Costa's claims are preempted by the Airline Deregulation Act. *Harris v. American Airlines, Inc.,* 55 F.3d 1472 (9th Cir.1995). Under the compulsion of *Harris,* the court concludes Costa's claims are preempted, and therefore GRANTS American's motion for summary judgment.

The ADA provides that states

may not enact or enforce a law, regulation, or other provision having the force and effect of law related to a price, route, or service of an air carrier....

49 U.S.C. § 41713. The question in this case is whether the acts and omissions complained of are related to "services" within the meaning of the ADA. *Harris* compels the conclusion that they are.

In *Harris,* a passenger complained of the abusive conduct of a fellow passenger. She contended the airline breached its duty of care by continuing to serve alcohol to the other passenger and failing to control his obnoxious behavior. The airline in *Harris* failed to follow procedures that included having someone from the cockpit attempt to "settle down" an intoxicated passenger, having authorities meet the plane (presumably to arrest the passenger), or even making an unscheduled landing to remove the passenger. *Id.* at 1476. The Ninth Circuit concluded both the provision of alcohol to the other passenger and the airline's procedures for controlling intoxicated passengers were "services." *Id.*

In so doing, the Ninth Circuit adopted a broad definition of "services" that would encompass the events alleged in this suit. If the conduct in *Harris* constitutes "services," then the acts complained of here do as well.

Costa points out that *Harris* did not involve bodily injury, while a bodily injury case from another circuit that is similar to this suit held there was no ADA preemption. In *Hodges v. Delta Airlines, Inc.,* 44 F.3d 334 (5th Cir.1995) (en banc), the plaintiff sued for injuries resulting when baggage fell from an overhead bin, and the Fifth Circuit held the state law claim was not preempted. To do so, however, that court adopted a contractual definition of "service" that was implicitly rejected in *Harris:*

‘Services’ generally represent a bargained-for or anticipated provision of labor from

one party to another. If the element of bargain or agreement is incorporated in our understanding of services, it leads to a concern with the contractual arrangement between the airline and the user of the service. . . .

*Hodges,* 44 F.3d at 336. In *Harris,* the Ninth Circuit found two types of acts or omissions to be "services." One, relating to the provision of alcoholic drinks, could be consistent with the Fifth Circuit's *Hodges* definition. The other, however, cannot be reconciled with *Hodges,* because it related to the airline's regulative control over passengers. Because the Ninth Circuit found even this second type of acts or omissions to be "services," it necessarily rejected the contractual definition adopted by the Fifth Circuit, and created a standard that requires preemption in this case.

It seems unlikely either Congress or the Supreme Court would have intended this broad result or the impact it may have on bodily injury claims arising from other kinds of airline services. *See* collected authorities in *Harris* dissent, 55 F.3d at 1478. However, all of the acts and omissions complained of in this case fall within the broad *Harris* definition. Costa's claims are therefore preempted, and summary judgment is GRANTED to American on all claims in this action.