Katherine DUCOMBS, Plaintiff,

v.

TRANS WORLD AIRLINES, Defendant.

No. C 95–2934 FMS.

United States District Court,
N.D. California.

July 22, 1996.

Gerald C. Sterns, Sterns Walker & Lods Law Offices, San Francisco, CA, for plaintiff.

Kymberly E. Speer, Bronson, Bronson & McKinnon, San Francisco, CA, for defendant.

## ORDER DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

FERN M. SMITH, District Judge.

### ISSUE

Trans World Airlines' ("TWA" or "defendant") motion for summary judgment requires the Court to determine whether plaintiff Katherine Ducombs' ("plaintiff") negligence complaint is preempted under the Federal Aviation Authority Authorization Act ("FAAAA"), 49 U.S.C. § 41713(b). For the reasons set forth below, the Court finds that plaintiff's claims are not preempted and denies defendant's motion for summary judgment.

### BACKGROUND

Plaintiff was a passenger aboard TWA flight 79 from Newark, New Jersey to St. Louis, Missouri on June 15, 1994. As the passengers were exiting and removing their carry-on items from the overhead compartment, a lap-top computer that was stored in the overhead compartment fell and struck plaintiff's head, causing her serious injury.

Plaintiff filed suit against defendant alleging the following: (1) that defendant negligently operated and maintained TWA Flight No. 79 when it permitted a lap-top computer to be placed in the overhead compartment; and (2) that defendant was negligent in failing to take reasonable precautions to warn or protect plaintiff from a known, dangerous condition created by objects stored in overhead compartments.

By its motion, defendant asks the Court to find that plaintiff's state law negligence claim is preempted by federal law because storing baggage in overhead compartments is a "service," regulation of which is specifically preempted under the FAAAA.

## DISCUSSION

### I. Legal Standard

#### A. Summary Judgment

 To withstand a motion for summary judgment, the opposing party must set forth specific facts showing that there is a genuine issue of material fact in dispute. Fed. R.Civ.P. 56(e). A dispute about a material fact is genuine "if the evidence is such that a reasonable jury could return a verdict for the non-moving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986). If the non-moving party fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial, "the moving party is entitled to a judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986).

 In opposing summary judgment, plaintiff is not entitled to rely on allegations in her complaint. She "must produce at least some 'significant probative evidence tending to support the complaint.'" *T.W. Elec. Serv., Inc. v. Pacific Elec. Contractors Ass'n*, 809 F.2d 626, 630 (9th Cir.1987) (quoting *First Nat'l Bank v. Cities Serv. Co.*, 391 U.S. 253, 290, 88 S.Ct. 1575, 1593, 20 L.Ed.2d 569 (1968)).

#### B. Preemption

 The general test for preemption is whether Congress intended that federal regulation supersede state law. *Louisiana Public Serv. Comm'n v. Federal Communications Comm'n*, 476 U.S. 355, 369–70, 106 S.Ct. 1890, 1899, 90 L.Ed.2d 369 (1986). "[T]he task of statutory construction must in the first instance focus on the plain wording of the clause, which necessarily entails the best evidence of Congress' preemptive intent." *CSX Transp., Inc. v. Easterwood*, 507 U.S. 658, 664, 113 S.Ct. 1732, 1737, 123 L.Ed.2d 387 (1993). The FAAAA provides that a state "may not enact or enforce a law, regulation, or other provision having the force and effect of law related to a price, route, or service of an air carrier that may provide air transportation under this subpart." 49 U.S.C. § 41713(b)(1) ("Section 41713").[1]

### II. Analysis

 Defendant contends that plaintiff's negligence claim is preempted under Section 41713 because the storage of personal baggage and the activity of the flight crew falls squarely under the definition of a "service of an air carrier." The Court's analysis is thus directed at whether Congress intended to preempt personal injury claims under Section 41713, and whether the storage of personal baggage can be classified as a "service."

As Section 41713 offers no definition for the term "services," it is unclear whether the FAAAA preempts the storage of luggage and related conduct of the crew; it is thus for the courts to engage in statutory construction, and determine what is encompassed under that term. The rationale behind both the ADA and the FAAAA, according to the Civil Aeronautics Board ("CAB"), does not lend support to defendant's position that plaintiff's claims are preempted.

The ADA was established to set policies that would deregulate the economic aspects of interstate transportation. 44 Fed.Reg. 9948–49 (1977). Section 1305, the preemption clause, was specifically designed to prevent states from regulating any economic aspects of air transportation, as explained by the CAB:

> preemption extends to all of the economic factors that go into the provision of the

---

1. The FAAAA was formerly enacted and is often still referred to as the Airline Deregulation Act ("ADA"). The preemption clauses of the ADA, 49 U.S.C. § 1305 ("Section 1305"), and of the FAAAA, Section 41713, are analogous, and for the purposes of this motion, the two acts and statutory provisions will be referred to interchangeably.

quid pro quo for passenger's [sic] fare.... [A] state may not interfere with the services that carriers offer in exchange for their rates and fares.

44 Fed.Reg. at 9951. Unless the storage of baggage can be classified as an economic factor that is part of the contractual relationship between the airline and its passengers, it is doubtful that Congress intended to preempt claims of the kind raised in this case.

The Supreme Court has not specifically addressed the issue of FAAAA preemption of personal injury claims nor the scope of "services" under the preemption statute; the two Supreme Court cases cited by the parties in their briefs bear no direct relevance to the outcome of this case.[2]

The majority of circuits that have dealt with the issue before the Court have (1) found that there is no preemption for personal injury actions based on negligence, and (2) defined the scope of "services" narrowly, limiting preemption to activity that is based on economic decisions and that relates to the contractual features that are bargained for by passengers. *E.g., Hodges v. Delta Airlines,* 44 F.3d 334 (5th Cir.1995); *Bieneman v. City of Chicago,* 864 F.2d 463 (7th Cir. 1988); *Moore v. Northwest Airlines, Inc.,* 897 F.Supp. 313 (E.D.Tex.1995); *Margolis v. United Airlines, Inc.,* 811 F.Supp. 318, 323 (E.D.Mich.1993).

In *Hodges,* the most frequently cited case in this area, plaintiff was injured when a case of rum fell from an overhead compartment on to her head. The court held that the accident arose out of the operation and maintenance of the aircraft, and not out of the services of baggage handling and passenger boarding. *Id.* at 339. This decision was based on the court's view that the use of overhead compartments for luggage storage pertains to decisions regarding the navigation of an air carrier, rather than decisions regarding the service of baggage handling. *Id.* at 338. The service of baggage handling, the court opined, would encompass an airline's policy of permitting passengers to carry certain types of baggage on the plane, along with other decisions that relate to the air carrier service bargain between the airline and its passengers; decisions that "do not refer directly to the way in which the aircraft is operated." *Id.* at 339. The court noted that decisions regarding baggage handling, along with decisions regarding boarding procedures, the provision of food and drink, and ticketing, were decisions that Congress meant to protect from state regulation. *Id.* at 336.

The *Hodges* court additionally found that Congress has explicitly preserved state law personal injury and property damage claims through the enactment of 49 U.S.C. § 13371(g) ("The Savings Clause"). *Id.* at 336–37, 339. The Savings Clause requires that aircraft carriers maintain insurance to cover liability for personal injury, death, or property damage resulting from the operation of the aircraft. 49 U.S.C. § 1371(g). The court reasoned that a complete preemption of state law in personal injury cases would make this requirement unnecessary, indicating that Congress did not intend to preempt actions for personal injury based on negligence in the operation and maintenance of the aircraft. *Hodges,* 44 F.3d at 337; *see also Margolis,* 811 F.Supp. at 323.

The Court finds the reasoning adopted by the Fifth Circuit persuasive, and holds that plaintiff's allegations are related to the safe operation of the flight, rather than to the "services of an air carrier." The Court con-

---

**2.** In *Morales v. TWA,* 504 U.S. 374, 112 S.Ct. 2031, 119 L.Ed.2d 157 (1992), the Court held that state guidelines regarding air fare advertising were preempted under the FAAAA. 504 U.S. at 383–85, 112 S.Ct. at 2037. The Court, in adopting a broad definition of the term "related to," concluded that advertising was sufficiently "related to the service of an air carrier." *Id.* By focusing exclusively on the term "relating to," the Court left the scope of "services," the subject of this case, undefined. In *American Airlines v. Wolens,* —— U.S. ——, 115 S.Ct. 817, 130 L.Ed.2d 715 (1995), the Court created an exception to preemption under the ADA, and held that an airline's self-imposed contractual obligations were not preempted by Section 1305, regardless of whether they relate to the services of the airline. —— U.S. at ——, 115 S.Ct. at 823. The Court found that if the obligations were self-imposed and privately ordered, they did not amount to a state's enactment or enforcement of a law or regulation and thus did not come within the type of claims preempted under the ADA. *Id.* at —— 115 S.Ct. at 824.

cludes that Congress did not intend to preempt all personal injury claims arising out of negligence and that plaintiff's claims are therefore not preempted under Section 41713 of the FAAAA.

The Ninth Circuit has approached the issue of the ADA's preemption of negligence claims in the recent case *Harris v. American Airlines,* 55 F.3d 1472 (9th Cir.1995), and has yielded a somewhat atypical result. The facts of *Harris,* however, are distinguishable from this case, and *Harris* is not controlling here.

In *Harris,* plaintiff suffered emotional distress when another passenger, who allegedly consumed a minimum of four drinks during the course of an American Airlines flight, verbally assaulted her with racial slurs. The plaintiff sued for negligence and intentional infliction of emotional distress, alleging that: (1) the defendant airlines continued to serve alcohol to a passenger who was making extreme remarks to the plaintiff; (2) the defendant failed to exercise control over the passenger; and (3) the defendant failed to protect plaintiff from the passenger's discriminatory conduct. *Id.* at 1476. The court found that the plaintiff's allegations pertained directly to a "service" of the air carrier, namely the provision of drinks. *Id.*[3] The court also found that the conduct of the flight crew, specifically how they exercised control over intoxicated and rude passengers, relates to a "service," through its connection with the provision of drinks. *Id.*

*Harris* can be reconciled with the reasoning adopted by the Fifth Circuit in that continuing to serve alcohol to a passenger could be classified under the broad category of beverage provision, which relates to contractual or economic factors that Congress intended to keep free from regulation. This narrow interpretation of *Harris,* is supported by the fact that the Ninth Circuit did not see fit to distinguish or otherwise refuse to adopt the reasoning of the numerous cases from other circuits in which preemption was discussed and rejected. Absent some indication from the Ninth Circuit that it intended the drastic result of creating a split in the circuits, this court declines to broaden the narrow holding of *Harris.*

The Ninth Circuit has not considered the preemption issue since the *Harris* decision. The only district court in the Ninth Circuit that has considered the same issue has adopted a broader interpretation of *Harris,* holding that the *Harris* decision expanded the scope of "services" to include all personal injury claims. *Costa v. American Airlines, Inc.,* 892 F.Supp. 237 (C.D.Cal.1995).[4] As in this case, the plaintiff in *Costa* suffered injuries when she was hit by a bag that fell out of an overhead compartment. The plaintiff's complaint in *Costa* alleged that the defendant violated its duty by (1) failing to identify the passenger who was allegedly responsible for causing the bag to fall on plaintiff; (2) destroying the passenger list prematurely; and (3) refusing to honor plaintiff's request for a window seat. *Id.* at 238.

The *Costa* court found that the plaintiff's allegations were preempted under what it interpreted as *Harris*'s broad interpretation of the category of services,[5] and reasoned that *Harris,* by expanding the definition of services to include the conduct of the flight crew, implicitly rejected the Fifth Circuit's narrow definition of services as having a contractual or economic element. This Court respectfully declines to follow *Costa*'s interpretation of *Harris.* *Harris* expanded "ser-

---

**3.** The dissent in *Harris* opined that the majority incorrectly classified serving alcoholic beverages as a "service." Taking into consideration the ADA's purpose of economic deregulation, these beverage "services," the dissent noted, should be limited to economic decisions regarding the provision of drinks: "e.g., whether or not to provide drinks on any flight, and contractual decisions about whether to charge for the drinks or provide them free." *Harris,* 55 F.3d at 1478.

**4.** The *Costa* decision is currently pending on appeal before the Ninth Circuit; a decision may

not be reached before the end of the year. As the Court is reluctant to stay the present case until the Ninth Circuit resolves this issue, the Court will treat *Costa* as relevant authority, but will base its decision on its own interpretation of *Harris.*

**5.** The *Costa* court expressed hesitation over whether Congress intended this result for personal injury cases, yet it felt bound to follow *Harris* and granted defendant's motion for summary judgment on the basis of preemption.

vices" to include the conduct of the flight crew as it relates to the service of beverages; it did not create a broad category of services that would include all conduct of the crew. If the Ninth Circuit had seen fit to reject the reasoning of the Fifth Circuit, as well as that of all other courts to consider the issue, this Court believes it would have done so explicitly rather than implicitly. Thus, storing baggage and warning passengers of the dangers of items falling from overhead compartments, though it may be classified as conduct of the flight crew, is not per se a "service" under *Harris*, as it is not associated with the service of providing food and beverages.

The Court finds that plaintiff's allegations do not fall within the scope of "services" addressed in *Harris*. The Court further holds that *Harris* does not mandate that all personal injury claims based on negligence are preempted; the decision only addresses the service of beverages and the conduct of the flight crew as it relates to that service. Plaintiff's negligence claim is therefore not preempted under the FAAAA.

## CONCLUSION

For the foregoing reasons, the Court DENIES defendant's motion for summary judgment.

SO ORDERED.